## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.: _____

| | |
|---|---|
| PSO-RITE.COM LLC, a Delaware limited liability company,<br><br>                Plaintiff,<br><br>    v.<br><br>THRIVAL LLC, a Colorado limited liability company,<br>CAMERON SMITH, an individual,<br>DOMINIC RAINVILLE, an individual, and<br>WILLIAM SMITH, an individual,<br><br>                Defendants. | **JURY TRIAL DEMANDED** |

---

## COMPLAINT

---

Plaintiff Pso-Rite.com LLC ("Pso-Rite" or "Plaintiff"), for its Complaint against Defendants Thrival LLC ("Thrival"), Cameron Smith, Dominic Rainville and William Smith (Messrs. Smith, Rainville and Smith collectively referred to as "Individual Defendants"; all defendants collectively referred to as "Defendants"), hereby alleges as follows:

### NATURE OF THE ACTION

1.     This is a civil action arising under the patent and trademark laws of the United States, under 35 U.S.C. § 1, *et seq*. and the Lanham Act, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), as well as the laws of the State of Colorado prohibiting trademark infringement, unfair competition and deceptive trade practices, all arising from Defendants' unauthorized manufacture,

use, offer to sell, sale and/or importing into the United States its massager products, including its Bullseye and Meat Grinder products ("Infringing Products") and Defendants' unauthorized use of Plaintiff's federally registered trademarks or confusingly similar words and phrases on or in connection with same.

## **THE PARTIES**

2.      Pso-Rite.com is a Delaware limited liability company having its principal place of business at 1815 Purdy Avenue, Miami Beach, Florida 33139.

3.      Upon information and belief, Thrival is a Colorado limited liability company formed and owned by Defendants Cameron Smith, Dominic Rainville and William Smith.  Upon information and belief, Thrival has its principal place of business at 2655 Copper Ridge Circle, Unit 5, Steamboat Springs, Colorado 80487.

4.      Upon information and belief, Cameron Smith is an individual currently residing in Routt County, Colorado.  Upon information and belief, Cameron Smith is one of Thrival's founders, owners and principals.  Upon information and belief, at all relevant times, Cameron Smith is and has been an owner and principal of Thrival.

5.      Upon information and belief, Dominic Rainville is an individual currently residing in Routt County, Colorado.  Upon information and belief, Dominic Rainville is one of Thrival's founders, owners and principals.  Upon information and belief, at all relevant times, Dominic Rainville is and has been an owner and principal of Thrival.

6.      Upon information and belief, William Smith is an individual currently residing in Routt County, Colorado.  Upon information and belief, William Smith is one of Thrival's founders,

owners and principals.  Upon information and belief, at all relevant times, William Smith is and has been an owner and principal of Thrival.

7.     Upon information and belief, the Individual Defendants are the owners and principals of Thrival.  Upon information and belief, as part of their roles at Thrival, the Individual Defendants directly and personally participate and participated in the acts of patent and trademark infringement, unfair competition and deceptive trade practices alleged and described herein, with full knowledge that such activities are in violation of Pso-Rite's rights pursuant to several Federal and Colorado statutes.  Accordingly, upon information and belief, the Individual Defendants, in their capacity as owners and principals of Thrival, were the moving, active and conscious forces behind Thrival's infringement and other illegal activities, as alleged herein.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is an action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

9.     This Court has subject matter jurisdiction pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, because this is an action arising under the trademark laws of the United States, 35 U.S.C. § 1051, *et seq*.  This Court has supplemental jurisdiction over Plaintiff's cause of action arising under the laws of the State of Colorado pursuant to 28 U.S.C. § 1367 because it arises from the same set of operative facts as the patent and trademark infringement claims and thus forms part of the same case or controversy.

10.     This Court has personal jurisdiction over Thrival because, upon information and belief, Thrival (a) is incorporated in Colorado, (b) has its principal place of business in Colorado,

(c) transacts business in Colorado through the sale of products from and/or into Colorado, and (d) has committed, and continues to commit, tortious acts within the state of Colorado giving rise to this action.

11.    This Court has personal jurisdiction over each of the Individual Defendants because, upon information and belief each of the Individuals Defendants (a) resides in Colorado, (b) is an owner and principal of Thrival, a Colorado limited liability company with a principal place of business in Colorado, (c) engages in business activities that constitute substantial or continuous and systematic contacts with the State of Colorado, and (d) was and is actively and personally involved in Thrival's infringing and illegal conduct alleged herein.

12.    Venue is proper under 28 U.S.C. §§ 1391(b) and/or 1400(b) because Defendants reside in this District and because Thrival is incorporated in the state of Colorado.  Defendants also have committed and continue to commit acts of infringement in this District.  Moreover, Thrival has its principal place of business in Colorado and, therefore, has a regular and established place of business in this District.

## THE PATENT-IN-SUIT

13.    On July 17, 2018, United States Design Patent No. D823,479 ("the '479 Patent"), entitled "Massager," was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  A true and correct copy of the '479 Patent is attached hereto as Exhibit A.  The '479 Patent is valid, enforceable and currently in full force and effect.

14.    Plaintiff is the owner and assignee of all substantial rights, title, and interest in the '479 Patent, including the full and exclusive right to bring this action and enforce the '479 Patent

4

against infringers, and the right to recover damages for all relevant time periods, including for past infringement.

15.     An exemplary figure, Figure 2, from the '479 patent illustrating the innovative design of Plaintiff's massager is provided below:

**Figure 2 from the '479 Patent**



## THE TRADEMARKS-IN-SUIT

16.     Plaintiff is a leading designer, marketer and seller of muscle release and recovery tools, including, without limitation, massage apparatuses ("Plaintiff's Products").  Plaintiff is renowned for its high quality products and expends a great deal of time and money to ensure that Plaintiff's Products are manufactured to deliver a superior customer experience.

17.     Since the founding of Pso-Rite in 2016, Pso-Rite has devoted significant resources to the advertising and promotion of Plaintiff's Products in the United States.  Plaintiff's Products are now marketed and sold to consumers throughout the world, including the United States.

18.     Plaintiff is using and has used marks comprising or containing the arbitrary and distinctive term  "PSO" (collectively, the "PSO Marks") for more than four years—long before Defendants entered the market—on or in connection with Plaintiff's Products.

19.     Plaintiff is the exclusive owner of all right, title, and interest in and to the PSO Marks, which are registered or currently pending on the Principal Register of the USPTO and include: (a) PSO (U.S. Reg. No. 6,273,742); (b) PSO-RITE (U.S. Reg. No. 5,363,487); (c) FEELS PSO GOOD (U.S. Reg. No. 5,364,166); (d) PSO-MINI (U.S. Reg. No. 5,780,865); (e) PSO-KEY (U.S. Reg. No. 5,958,816); (f) PSO-SPINE (U.S. Reg. No. 6,115,020); (g) PSO-STICK (U.S. Reg. No. 6,115,029); (h) PSO-BLOCK (U.S. App. Ser. No. 88/631,745); (i) PSO-BOLSTER (U.S. App. Ser. No. 88/631,756); (j) PSO-MAT (U.S. App. Ser. No. 88/631,767); (k) PSO-ROLLER (U.S. App. Ser. No. 88/631,782); (l) PSO-DUCKY (U.S. App. Ser. No. 88/753,006); (m) PSO-GOOD (U.S. App. Ser. No. 90/192,415); (n); PSO-STANDS (U.S. App. Ser. No. 90/062,826); (o) PSO-STIX (U.S. App. Ser. No. 90/185,998); (p) PSO-CLAMP (U.S. App. Ser. No. 90/189,034); (q) PSO-GOOD (U.S. App. Ser. No. 90/313,165); (r) PSO-RITE (U.S. App. Ser. No. 90/029,402); (s) PSO-ZEN (U.S. App. Ser. No. 90/318,502); (t) PSO-NECK (U.S. App. Ser. No. 90/029,339); (u) FEELS PSO GOOD (U.S. App. Ser. No. 90/531,889); and (v) PSO-BACK (U.S. App. Ser. No. 90/029,329).  True and correct copies of records of the foregoing trademark registrations and applications for the PSO Marks obtained from the USPTO Trademark Status and Document Retrieval database are attached hereto as Exhibit B.

20.     Plaintiff is the sole owner of registered trademarks comprising or containing PSO on the Principal Register in International Class 10, which covers the massage devices at issue here.

21.     At the time Defendants entered the market, Plaintiff owned over 20 federal registrations or applications on the Principal Register comprising or containing PSO.

22.     The foregoing registrations are valid, subsisting, in full force and effect, and serve as *prima facie* evidence of Plaintiff's exclusive rights in and to Plaintiff's PSO Marks.

23.     For years, and well before the acts of the Defendants complained of herein, Plaintiff's PSO Marks have been associated with Plaintiff by the public at large, the trade and the media.

24.     Plaintiff has continuously and prominently used Plaintiff's PSO Marks since their adoption.  Plaintiff has extensively advertised and promoted Plaintiff's PSO Marks in connection with Plaintiff's Products and has achieved significant sales, exposure, and recognition of Plaintiff's Products offered in connection with Plaintiff's PSO Marks.

25.     Plaintiff widely uses Plaintiff's PSO Marks to advertise and promote Plaintiff's Products throughout the United States, primarily through social media marketing through platforms such as Instagram and the use of influencers.

26.     Plaintiff's PSO Marks have been featured prominently in connection with the promotion and sale of Plaintiff's Products, and related marketing and promotional materials, including on Plaintiff's official website, http://www.pso-rite.com, as well as related social media platforms, such as Facebook (https://www.facebook.com/psoritehq/), Instagram (https://www.instagram.com/pso_rite/), and YouTube (https://www.youtube.com/channel/UCim9AfhChVS39POR0XgzZbA).  Plaintiff's combined social media following across these platforms totals more than 134,000 people.

27.     More than 114,000 people follow Plaintiff on Instagram alone, where Plaintiff has published approximately 670 postings featuring Plaintiff's Products and Plaintiff's PSO Marks.  Pso-Rite's paid sponsorship partners, who also post often about Plaintiff's Products and Plaintiff's PSO Marks, have a combined following of more than three million people.

28.     Plaintiff's Products have rapidly grown in popularity since their introduction in 2017, garnering significant unsolicited media attention.  For example, Plaintiff's Products have been featured on the *Joe Rogan Experience* podcast and in *People* magazine, have been used by renowned athletes in the fields of mixed martial arts, dance and Jiu Jitsu, among others, and have been well received by the general public around the world.  Plaintiff's PSO-RITE® product has been described as one of the "most innovative fitness products to get on Amazon."  *See* https://www.askmen.com/sports/bodybuilding/gym-gear.html.  Plaintiff is now one of the industry leaders in massage and muscle release/recovery tools.

29.     Due to Plaintiff's substantial investment of time, money, and effort in the promotion of Plaintiff's PSO Marks and Plaintiff's Products, significant positive reputation and goodwill have accrued to Plaintiff.

30.     By virtue of Plaintiff's longstanding use and extensive promotion of Plaintiff's PSO Marks in connection with Plaintiff's Products, and the expenditure of hundreds of thousands of dollars in the promotion, advertising and sale of Plaintiff's Products associated with Plaintiff's PSO Marks, Plaintiff's PSO Marks have developed enormous goodwill, and are exclusively associated with the Plaintiff in the minds of the trade and the consuming public as indicators of source for Plaintiff's Products.

31.     In the last two years alone, Plaintiff has sold hundreds of thousands of Plaintiff's Products in the United States, resulting in eight figures in revenue.

## FACTUAL BACKGROUND

**Pso-Rite.com LLC**

32.    Founded in 2016, Plaintiff Pso-Rite.com LLC is a U.S.-based health, fitness and lifestyle company specializing in, among other things, muscle release and recovery tools.  Plaintiff is an innovator in the area of personal massage and recovery products and is a leading worldwide designer, marketer and seller of such products, which are sold under the PSO Marks and brand. Plaintiff proudly manufactures its products in the United States, and sells and promotes them in the United States as well as worldwide.

33.    Plaintiff has invested substantial time and resources into the research, design and development of its Products.  The designs of Plaintiff's Products are covered by nine patents in the United States and abroad, as well as several other patent applications that are currently pending.

34.    The '479 Patent covers the standard-size of Plaintiff's first massage product, called the PSO-RITE®, a smaller version of the product called the PSO-MINI®, and the smallest version of the product that can be attached to a key chain, called the PSO-KEY®.  The PSO-RITE®, PSO-MINI® and PSO-KEY® are marked with the '479 Patent.  Below are images of the PSO-RITE® and PSO-MINI® taken from www.pso-rite.com:



PSO-RITE®



PSO-MINI®

35.    Plaintiff's Products are made in the United States, and are marketed and sold throughout the United States and internationally through the company's website, www.pso-rite.com, and through third party resellers such as Amazon.com.

36.    As stated above, Plaintiff has also invested substantially in marketing its products and creating brand awareness.  Specifically, Plaintiff engages in significant marketing through social media.  For example, Plaintiff has over 114,000 followers on Instagram and its paid partnerships allow it to reach more than 3 million total Instagram users at any given time.

37.    Plaintiff has made significant investments, both in time and resources, in developing its products and brand, and securing the intellectual property rights that protect them, including the patent and trademarks asserted in this Complaint.  Plaintiff's brand is now synonymous with innovative, unique and high quality massage and muscle recovery tools.

**Thrival LLC (formerly known as Pso Much Better LLC)**

**Inception of Defendants' Infringement—Thrival's Original Incorporation and Defendants' Illegal Activities**

38.    Upon information and belief, on or about August 18, 2020, Defendant Thrival was formed as Pso Much Better LLC by two teenage friends, Defendants Cameron Smith and Dominic Rainville, and Cameron Smith's father, Defendant William Smith.

39.    Upon information and belief, from approximately August 2020 through January 2021, Defendants were known and conducted business as Pso Much Better LLC.

40.    Upon information and belief, on or around November 25, 2020, Defendants, as Pso Much Better LLC, began offering for sale infringing personal massage devices under the "Pso Much Better" name, such as the Pso Much Better Bullseye attachment heads and the Pso Much Better Meat Grinder attachment heads, which they offered in connection with their Pso Much

Better Release Board.  For example, upon information and belief, Defendants' Pso Much Better Bullseye product included a pair of Bullseye attachment heads and the Pso Much Better Release Board; and Defendants' Pso Much Better Meat Grinder product included a pair of Meat Grinder attachment heads and the Pso Much Better Release Board.  Defendants offered these infringing products for sale through its website, https://psomuchbetterstore.com, which, upon information and belief, was and still is owned and operated by Defendants.   Images of these offers for sale taken from https://psomuchbetterstore.com, on or about December 29, 2020, are provided below:



41.     As shown and explained below, the making, using, offering for sale and selling of these products and use of Plaintiff's PSO Marks to brand, market and promote them constitute patent and trademark infringement.

42.     During this time, in December 2020, Defendants also utilized Plaintiff's registered PSO-RITE® mark to market and promote their infringing products on their social media channels. See, for example, the below screenshot from Defendants' Instagram account, then operated as "psomuchbetter" (Defendants' misappropriation of Plaintiff's PSO-RITE mark is highlighted in yellow):



43.     During this time, Defendants were also engaging in other nefarious behavior. For example, Defendants or those under their direction and control attempted to divert consumers from Plaintiff to Defendants, by responding to consumer comments on Plaintiff's and its sponsors' social media pages, directing consumers to Defendants' social media page instead. See, for example, the below screenshot of a comment posted by Defendants in the comments section of one of Plaintiff's paid sponsor's Instagram posts, where the paid sponsor was promoting Plaintiff's Products (annotated in green):



**Plaintiff's Objection to Defendants' Infringing and Illegal Conduct**

44.     In light of Defendants' above-referenced illegal conduct, Plaintiff sent Defendants a letter on December 29, 2020 asking Defendants to cease and desist from their infringing and illegal conduct.   Defendants responded on January 11, 2021 and, among other things, acknowledged that they changed their name to Thrival LLC and suspended marketing as Pso Much Better, but denied the patent infringement claim.   The parties' letters and their respective exhibits are attached hereto as Exhibit C.

**Defendants' Partial Rebrand and Continued Infringement**

45.     In January 2021—in response to Plaintiff's December 29, 2020 letter—Defendants changed their name from Pso Much Better LLC to Thrival LLC, partially suspended marketing as "Pso Much Better" and began marketing themselves under the new name "Thrival."

46.     Upon information and belief, in January 2021, Defendants began and continue to make, use, offer for sale and sell the same patent-infringing Bullseye and Meat Grinder products under their "Thrival" name instead of their previous "Pso Much Better" name.   Defendants offer these Infringing Products for sale through their website, https://thrivalstore.com/ (*see* Exhibit D, attached hereto), which, upon information and belief, is owned and operated by Defendants, as well as third party websites, such as at least Amazon.com.   Images of these offers for sale, taken from https://thrivalstore.com/ on or about March 12, 2020, are provided below.



47.     While Defendants openly operated the infringing domain name www.psomuchbetter.com from August 2020 through January 2021 and claim to have suspended marketing themselves as "Pso Much Better," Defendants continue to covertly own and operate the domain name today, which they currently utilize to redirect online traffic to their new website, www.thrivalmusclerecovery.com, and thus continue to trade off the goodwill in and to Plaintiff's PSO Marks.

48.     In their January 11, 2021 letter, Defendants boldly indicate that they will continue to sell through the initial batch of products they manufactured with the name "Pso Much Better" on them, even though this is blatant trademark infringement of the PSO Marks.  Exhibit C, Letter from J. Otteson to M. Zinna, dated Jan. 11, 2021, at 1.  Thus, from November 2020 to the present, Defendants have been offering products for sale in the United States branded with the infringing mark "Pso Much Better," which are the same type of product offered under Plaintiff's PSO Marks. The image below is of Defendants' Infringing Product purchased on Feb. 7, 2021 (red annotations added to highlight the phrase "Pso Much Better"):



| Exemplary Image of Top Surface of Infringing Product | Exemplary Image of Bottom Surface of Infringing Product |
|---|---|

**Defendants' Willfully Infringing Activities**

49.    As shown below, the Infringing Products and Defendants' website and Instagram page copy and/or misappropriate Plaintiff's intellectual property, including its valuable patent and trademark rights.  Upon information and belief, the Individual Defendants have directed and/or caused such wrongful conduct in their capacity as the individuals in charge of Thrival.

50.    Rather than create their own distinctive name, brand and product design, Defendants chose to embark on a campaign to systematically copy Plaintiff's patented and distinctive PSO-RITE® massager and associated brand in order to improperly exploit the goodwill Plaintiff has spent years building in the marketplace, at considerable expense.

51.    For example, the very basics of Defendants' original name, Pso Much Better LLC, (and specifically their use of "Pso" in the name), as well as the company's initial products, were created by explicitly copying Plaintiff's federally registered trademarks and patented PSO-RITE®

product.  This was all done in a concerted effort to profit off of Plaintiff's hard-earned success and worldwide industry recognition.  Even a cursory comparison of Plaintiff's PSO-RITE® massager with the Infringing Products reveals the extent of the misappropriation of Plaintiff's intellectual property.

| Exemplary Image of PSO-RITE® | Exemplary Image of Defendants' Bullseye |
|---|---|
|  | |

52.     Evidence of Defendants' explicit copying and use of Plaintiff's federally-registered trademarks and patented design is set forth herein.

53.     First, Defendants' original company name, "Pso Much Better," and their original branding using the same name, was clearly copied directly from Plaintiff's federally-protected name and the rest of Plaintiff's PSO Marks all of which contain the word "Pso" and are used on the same category of products.

54.     Second, it is indisputable that Defendants knew of Plaintiff, Plaintiff's Products, Plaintiff's use of the PSO Marks, and that the PSO-RITE® design was patented at least as early as November 28, 2020.  On or about November 28, 2020, Defendants posted a video on their YouTube page (https://www.youtube.com/channel/UC9GcfrF3FrJcvcgBHQgX-qw/featured) and on their Instagram page (https://www.instagram.com/thrivalmusclerecovery/) (then under the Pso

Much Better account), of co-founders Defendants Cameron Smith and Dominic Rainville, introducing and discussing the Infringing Products. In this video, Messrs. Smith and Rainville, while holding the PSO-RITE® product juxtaposed with a Pso Much Better Meat Grinder product, admit that the Infringing Products were based on the PSO-RITE® product. This video has since been taken down from Defendants' YouTube channel and the Thrival Instagram page, however, the video remains accessible on Messrs. Smith and Rainville's personal Instagram accounts (*see* https://www.instagram.com/p/CICgNbnA-qN/ and https://www.instagram.com/p/CICgdhgjCaz/). The video is attached hereto as Exhibit E and is being submitted to the Court on a USB flash drive. Below is a screenshot of the video, which shows Mr. Rainville (left) holding the PSO-RITE® product while Mr. Smith (right) is holding the infringing Pso Much Better Meat Grinder product:



This is indisputable proof that Defendants copied the PSO-RITE® product to create the Infringing Products.

55.     Third, Defendants' website expressly states that the Bullseye product is a "legacy design" that is "familiar to people who have been trying to get psoas release prior to the Thrival Meat Grinder attachment heads."  *See* https://www.thrivalmusclerecovery.com/products.  Upon information and belief, this "legacy design" Defendants are referring to is the PSO-RITE® product, and thus, this too is indisputable proof that Defendants, including the Individual Defendants, copied the PSO-RITE® product to create the Bullseye product.

56.     Fourth, Defendants admit through their counsel that two of Thrival's founders, Defendants Cameron Smith and Dominic Rainville, held up the PSO-RITE® in the above video "because it was representative of the market niche, has a 95% monopoly in that niche, and is well-known."  Exhibit F, Letter from J. Otteson to V. Ferraro, dated Feb. 8, 2021, at 2.  This provides a clear motive as to *why* Defendants, including the Individual Defendants, would have wanted to copy Plaintiff's product and name—to leverage Plaintiff's large market share, brand awareness and success for their own financial gain.

57.     On February 7, 2021, Plaintiff purchased Defendants' Bullseye and Meat Grinder products to further assess their infringement of Plaintiff's patent and trademark rights.

58.     A side-by-side comparison of the drawings from the '479 Patent and exemplary images taken of Defendants' Infringing Products reveals that Defendants' Infringing Products are substantially the same as and have misappropriated the design covered by the '479 Patent.[1]

---

[1] Except for the bottom view, each exemplary image of Defendants' products contains a zoomed-in version to more clearly show the infringing design as well as a zoomed-out version to provide a full view of the products.

| The '479 Patent | Defendants' Bullseye Product |
|---|---|



(Zoomed-In)

(Zoomed-Out)



| The '479 Patent | Defendants' Bullseye Product |
|---|---|

| The '479 Patent | Defendants' Bullseye Product |
|---|---|
|  | (Zoomed-In)<br><br>(Zoomed-Out) |



| The '479 Patent | Defendants' Meat Grinder Product |
|---|---|



(Zoomed-In)

(Zoomed-Out)

| The '479 Patent | Defendants' Meat Grinder Product |
|---|---|
|  | |



| The '479 Patent | Defendants' Meat Grinder Product |
|---|---|
|  | |

59.    The Infringing Products are also approximately the same or similar in size as the

PSO-RITE®.  For example, the space between the peaks of the PSO-RITE® at their highest point

is 5.5 inches; and the Infringing Bullseye and Meat Grinder products can both be adjusted so that

the space between their respective peaks at the highest point is approximately 5.25 inches.  Also,

the height of the PSO-RITE®'s peaks from the bottom of the base to their top is approximately

5.75 inches; and the height of the peaks for the Infringing Bullseye and Meat Grinder products is 6 and 5.75 inches, respectively.  Lastly, the width of the top of the peaks of the PSO-RITE® is approximately 3.5 inches; and the width of the top of the peaks for the Infringing Bullseye and Meat Grinder products is approximately 3 inches.

60.    The Infringing Meat Grinder Product is also offered in at least one of the same colors as the PSO-RITE® and the PSO-MINI®—a bright red.   Despite the myriad of colors Defendants could have chosen for its product, they chose one of the five colors Plaintiff uses for its massage products in an attempt to more easily call to mind Plaintiff's products in the minds of consumers when they see the Infringing Products.



PSO-RITE®                              Thrival Meat Grinder

61.    Defendants have been quick to characterize Plaintiff as a large company trying to stomp out legitimate competition and stop two teenagers from competing with them.  Exhibit C, Letter from J. Otteson to M. Zinna, dated Jan. 11, 2021, at 1 and 7.  This could not be further from the truth.  Plaintiff welcomes competition from third parties with their own innovative ideas and designs; Plaintiff is only trying to stop infringement by third parties who would rather profit from Plaintiff's hard work and reputation then develop their own products.   There are numerous ways to design a device that is meant to release/massage the psoas and/or other muscles without

misappropriating Plaintiff's patented design.  In fact, Defendants offer such a product, called the

Roman Arch.  The design of the Roman Arch product does not misappropriate Plaintiff's '479

Patent, the Roman Arch is not being accused of infringement in this lawsuit, and Plaintiff has not

tried to stop Defendants from selling it.   Below is an exemplary image of the Roman Arch taken

from Defendants' website, www.thrivalmsuclerecovery.com:



62.    In    addition,    the    following    are    examples    of    products    offered    for    sale    on

www.amazon.com that purport to serve the purpose of releasing/massaging the psoas, and which

are designed differently than the PSO-RITE® (Exhibit G).  They do not infringe the '479 Patent

and have not been accused of doing so:

 

28




63.    Aside from patenting its innovative massager designs, Plaintiff has also spent substantial time, money and effort in promoting its brand using Plaintiff's PSO Marks in connection with massage apparatuses for personal use.

64.    As a result of Plaintiff's efforts, the consuming public has become familiar with and identifies Plaintiff's PSO Marks as being associated with Plaintiff and its massage apparatuses. The consuming public understands and expects that the massage apparatuses branded with Plaintiff's PSO Marks as affiliated or associated with Plaintiff.

65.    Yet, to further promote their infringement and compound customer confusion, Defendants are also wrongfully and without authorization misappropriating Plaintiff's PSO Marks.

66.    The Infringing Products all prominently display the phrase "Pso Much Better," on the top and bottom surfaces of the base, which is an infringement of Plaintiff's PSO Marks, including, among others, Plaintiff's federally-registered PSO® trademark.  This infringement is depicted in the below exemplary image of Defendants' Bullseye Product (red annotations added to highlight the phrase "Pso Much Better").

| Exemplary Image of Top Surface of Infringing Product | Exemplary Image of Bottom Surface of Infringing Product |
|---|---|
|  | |

67.    Upon information and belief, based upon the representations of Defendants Cameron Smith and Dominic Rainville published to social media (Exhibit E), Defendants' adoption and use of the name "Pso Much Better" was with full knowledge of Plaintiff's prior rights in Plaintiff's PSO Marks comprising or containing "PSO."

68.    Defendants also continue to misappropriate Plaintiff's registered PSO-RITE® trademark to market and promote their Infringing Products on their social media channels by including the hashtag "#psorite" with their posts, as depicted in the screenshot below taken directly from Defendants' Instagram post dated December 23, 2020 under the Instagram handle, "thrivalmusclerecovery," and still posted and visible on Instagram as of at least March 16, 2021 (red box added to highlight the "#psorite").



69.     Plaintiff is and will continue to be damaged by the continued use by Defendants of Plaintiff's PSO Marks on Defendants' Infringing Products and in Defendants' marketing of the Infringing Products that are identical to and likely to be confused with Plaintiff's PSO Marks.

70.     As stated above and as shown in Exhibit C, Plaintiff sent Defendants a letter on December 29, 2020 asking Defendants to cease and desist from its infringing conduct and putting Defendants on notice of the '479 Patent and Plaintiff's PSO Marks.  However, upon information and belief, Defendants were well aware of the '479 Patent and Plaintiff's PSO Marks before that date, at least as early as November 28, 2020.  As shown in Exhibit E, on this date, Defendants posted a video of their co-founders discussing and holding the PSO-RITE® product—which was marked with the '479 Patent—on YouTube and Instagram.

71.     Upon information and belief, the Individual Defendants, as Defendant Thrival's founders, owners and principals, were directly and personally involved in all of the conduct alleged herein, including any alleged conduct attributed to Defendant Thrival.  This is supported by the video posted by Defendant Thrival (Exhibit E), where Defendants Cameron Smith and Dominic Rainville admit that they "created this product [the Meat Grinder product] and started Pso Much Better."  Moreover, the Individual Defendants, Cameron Smith, Dominic Rainville and William Smith are identified as co-owners of the mark "Pso Much Better" in their federal trademark application filed with the United States Patent and Trademark Office.  Lastly, Defendant William Smith is the signatory on Defendant Thrival's trademark applications for its "Bullseye," "Meat Grinder" and "Roman Arch," marks as the "Managing Partner" of Pso Much Better LLC (now Thrival LLC).  Accordingly, upon information and belief, the Individual Defendants, in their capacity as principals and owners of Thrival, were and are the moving, active and conscious forces behind Thrival's infringement and other illegal activities, as alleged herein.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (INFRINGEMENT OF THE '479 PATENT AS AGAINST ALL DEFENDANTS)

72.     Plaintiff hereby incorporates by reference paragraphs 1-71 as if fully set forth herein.

73.     Plaintiff owns all rights, title and interest in the '479 Patent.

74.     Defendants have infringed and continue to infringe the '479 Patent at least by making, using, offering for sale, selling and/or importing into or in the United States the Infringing Products, which are covered by the design claimed in the '479 Patent, without a license or permission from Plaintiff.

75.    As shown by the side-by-side comparisons of the design claimed in the '479 Patent and the Infringing Products set forth in Paragraph 58, in the eye of the ordinary observer familiar with the relevant prior art, giving such attention as a purchaser usually gives, the overall appearance of the claimed design of the '479 Patent and the design of the Infringing Products are substantially the same, such that the ordinary observer would be deceived into believing that the Infringing Products are the same as the design claimed in the '479 Patent, and would be induced into purchasing one supposing it to be the other.

76.    Plaintiff did not give Defendants a license or other authorization to make, use, offer to sell, sell, or import the Infringing Products in or into the United States.

77.    Defendants have directly infringed, and continue to directly infringe, the '479 Patent by making, using, offering to sell, selling and/or importing into or in the United States the Infringing Products in violation of 35 U.S.C. § 271(a).

78.    Upon information and belief, Defendants also induced, and continue to induce, others to infringe the '479 Patent by encouraging and promoting the use and/or sale by others of the Infringing Products in violation of 35 U.S.C. § 271(b).

79.    Defendants have applied the patented design of the '479 Patent, or at least a colorable imitation thereof, to an article of manufacture for the purpose of sale, and/or have sold or exposed for sale an article of manufacture to which such design or colorable imitation has been applied.  Thus, Defendants are liable to Plaintiff to the extent of Defendants' total profit for such sales under 35 U.S.C. § 289.

80.    Upon information and belief, Defendants have had actual knowledge of the '479 Patent since at least December 29, 2020 and likely much earlier (e.g., at least as early as November

28, 2020, the date on which the co-founders of Thrival, Defendants Cameron Smith and Dominic Rainville, posted a video of themselves holding a PSO-RITE® that was marked with the '479 Patent). *See* Exhibit E.

81.    Upon information and belief, Defendants knew or should have known that the making, using, offering to sell, selling and/or importing into the United States of the Infringing Products would directly infringe the '479 Patent.

82.    Defendants' direct and indirect infringement of the '479 Patent has caused and will continue to cause damage to Plaintiff.

83.    Defendants' direct and indirect infringement has also caused and will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law unless and until such infringing conduct is enjoined pursuant to 35 U.S.C. § 283 and/or the equitable powers of this Court.

84.    Given the allegations above showing Defendants intentionally copied Plaintiff's PSO Marks and the PSO-RITE® patented product design, and the additional allegations showing Defendants had knowledge of the '479 Patent and knowledge that they are directly infringing the '479 Patent since at least December 29, 2020, Defendants' acts of infringement have been and continue to be willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate and an egregious case of misconduct beyond typical.  Therefore, such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285.  Defendants' willful infringement entitles Plaintiff to enhanced damages under 35 U.S.C. § 284 and to reasonable attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32 OF THE
## LANHAM ACT, 15 U.S.C. § 1114 AS AGAINST ALL DEFENDANTS)

85.    Plaintiff hereby incorporates by reference paragraphs 1-84 as if fully set forth herein.

86.    Plaintiff is the exclusive owner of all right, title, and interest in and to Plaintiff's PSO Marks, seven of which are registered on the Principal Register of the USPTO for use in connection with Plaintiff's Products.

87.    The registrations for Plaintiff's PSO Marks are *prima facie* evidence of the validity and registration of the marks, Plaintiff's ownership of the marks and Plaintiff's exclusive right to use the marks in commerce on or in connection with the goods specified in the certificates.

88.    Defendants have used, and continue to use infringing marks comprising or containing the entirety of Plaintiff's registered trademarks PSO and PSO-RITE in United States commerce with the intent to associate with Plaintiff and to trade off Plaintiff's goodwill and reputation.  These infringing uses are also confusingly similar to Plaintiff's entire family of PSO Marks.

89.    With knowledge of Plaintiff's exclusive rights in Plaintiff's PSO Marks, including PSO and PSO-RITE, and without consent, authorization, or permission, Defendants have used, and continue to use in commerce marks constituting reproductions, counterfeits, copies, and/or colorable imitations of Plaintiff's PSO Marks in connection with the sale, offering for sale, distribution and advertising of goods identical and/or closely related to those of Plaintiff, with the intent to cause confusion, mistake, or deception as to the source of Defendants' goods.

90.     With knowledge of Plaintiff's exclusive rights in Plaintiff's PSO Marks, including PSO and PSO-RITE, and without consent, authorization, or permission, Defendants reproduced, counterfeited, copied, and/or colorably imitated Plaintiff's PSO Marks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles, products or advertisements intended to be used in commerce, with the intent to cause confusion, mistake, or deception as to the source of Defendants' goods.

91.     Defendants' intentional, unauthorized, and knowing use of Plaintiff's PSO Marks in connection with the promotion, advertising, sale, offering for sale and distribution of Defendants' Infringing Products is likely to cause confusion, mistake, or deception among consumers as to the source, endorsement, or sponsorship of Defendants' Infringing Products as being affiliated with Plaintiff.

92.     Defendants' unlawful conduct constitutes willful infringement of Plaintiff's PSO Marks, including PSO and PSO-RITE, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

93.     As a direct and proximate result of Defendants' acts, Plaintiff has been injured and will continue to suffer monetary damages in this District, and throughout the United States in an amount presently unknown and to be determined at trial.

94.     As a result of Defendants' infringement of Plaintiff's PSO Marks, Plaintiff has suffered, is suffering, and will continue to suffer severe and irreparable harm and substantial damages, unless Defendants are permanently enjoined from engaging in such conduct.

**THIRD CLAIM FOR RELIEF**
**(UNFAIR COMPETITION IN VIOLATION OF SECTION 43 OF THE LANHAM ACT,**
**15 U.S.C. § 1125(a) AS AGAINST ALL DEFENDANTS)**

95.     Plaintiff hereby incorporates by reference paragraphs 1-94 as if fully set forth herein.

96.     Plaintiff is the exclusive owner of all right, title, and interest in and to Plaintiff's PSO Marks, seven of which are registered on the Principal Register of the USPTO for use in connection with Plaintiff's Products.

97.     The registrations for Plaintiff's PSO Marks are *prima facie* evidence of the validity and registration of the marks, Plaintiff's ownership of the marks and Plaintiff's exclusive right to use the marks in commerce on or in connection with the goods specified in the certificates.

98.     With knowledge of Plaintiff's exclusive rights in Plaintiff's PSO Marks, and without consent, authorization, or permission, Defendants have used, and continue to use infringing marks comprising or containing the entirety of Plaintiff's registered trademarks PSO and PSO-RITE in United States commerce with the intent to associate with Plaintiff and to trade off Plaintiff's goodwill and reputation.

99.     Defendants' intentional, unauthorized, and knowing use of Plaintiff's PSO Marks in connection with the promotion, advertising, sale, offering for sale, and distribution of Defendants' goods is likely to cause confusion, mistake, or deception among consumers as to the source, endorsement, or sponsorship of Defendants' goods as being affiliated with Plaintiff.

100.    Defendants' unlawful conduct constitutes unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

101.    As a direct and proximate result of Defendants' acts, Plaintiff has been injured and will continue to suffer monetary damages in this District, and throughout the United States in an amount presently unknown and to be determined at trial.

102.    Plaintiff has suffered, is suffering, and will continue to suffer severe and irreparable harm and substantial damages, unless Defendants are permanently enjoined from engaging in such conduct.

### FOURTH CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN IN VIOLATION OF SECTION 43 OF THE LANHAM ACT, 15 U.S.C. § 1125(a) AS AGAINST ALL DEFENDANTS)

103.    Plaintiff hereby incorporates by reference paragraphs 1-102 as if fully set forth herein.

104.    Without Plaintiff's authorization, Defendants have used in United States commerce a word, term, name, symbol or combination thereof, on or in connection with Defendants' goods which is likely to cause confusion, mistake, or deception that Defendants' goods originate with and/or are sponsored or approved by Plaintiff, or otherwise affiliated with Plaintiff.

105.    Without Plaintiff's authorization, Defendants have used in United States commerce a false designation of origin and false or misleading representations of fact on or in connection with Defendants' goods which are likely to cause confusion, mistake, or deception that Defendants' goods originate with and/or are sponsored or approved by Plaintiff, or otherwise affiliated with Plaintiff.

106.    Defendants' goods bearing and sold under the infringing PSO MUCH BETTER mark are almost identical in appearance to Plaintiff's genuine goods.

107.     Defendants' conduct is likely to cause confusion among the consuming public as to the origin or sponsorship of Defendants' goods.

108.     Defendants' goods bearing and sold under the PSO MUCH BETTER mark and infringing #psorite designation have been advertised, promoted, sold, and distributed in the United States.

109.     Defendants' advertising, promotion, sale, and distribution of their goods have misrepresented to members of the consuming public that Defendants' goods are genuine, non-infringing products.

110.     Defendants' unlawful conduct constitutes false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

111.     Plaintiff has sustained injury and damages as a result of Defendants' conduct, and absent entry of an injunction by this Court, will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

### FIFTH CLAIM FOR RELIEF
### (CYBERSQUATTING IN VIOLATION OF SECTION 43 OF THE LANHAM ACT, 15 U.S.C. § 1125(d) AS AGAINST ALL DEFENDANTS)

112.     Plaintiff hereby incorporates by reference paragraphs 1-111 as if fully set forth herein.

113.     Plaintiff is the exclusive owner of all right, title, and interest in and to Plaintiff's PSO Marks, seven of which are registered on the Principal Register of the USPTO for use in connection with Plaintiff's Products.

114.    The registrations for Plaintiff's PSO Marks are *prima facie* evidence of the validity and registration of the marks, Plaintiff's ownership of the marks and Plaintiff's exclusive right to use the marks in commerce on or in connection with the goods specified in the certificates.

115.    Plaintiff's Registered PSO Marks are distinctive.

116.    With knowledge of Plaintiff's exclusive rights in Plaintiff's PSO Marks, and without consent, authorization, or permission, Defendants registered, used, and are using a domain name—www.PSOMUCHBETTER.com (the "Infringing Domain")—that is confusingly similar to Plaintiff's PSO Marks.

117.    Upon information and belief, based upon publicly available Internet records, Defendants registered the Infringing Domain in or about July 2020.

118.    From in or about July 2020 until in or about January 2021, Defendants utilized the Infringing Domain with the bad faith intent to profit by selling, offering for sale, distributing, and advertising goods identical and/or closely related to those of the Plaintiff bearing the mark PSO MUCH BETTER which is confusingly similar to Plaintiff's PSO Marks.  See, for example, the below exemplary image of Defendants' Bullseye Product (red annotations added to highlight the phrase "Pso Much Better"):

| Exemplary Image of Top Surface of Infringing Product | Exemplary Image of Bottom Surface of Infringing Product |
|---|---|
|  |  |

119.    From in or about January 2021 to the present, Defendants have used and are using the Infringing Domain with the bad faith intent to profit by utilizing the Infringing Domain to redirect to a new website on which Defendants are selling, offering for sale, distributing and advertising goods identical and/or closely related to those of the Plaintiff.

120.    The Infringing Domain capitalizes on Plaintiff's PSO Marks and diverts Internet traffic away from Plaintiff's website to Defendants' own website where they either offered or are offering for sale goods bearing the infringing mark PSO MUCH BETTER or infringing Plaintiff's '479 Patent.

121.    Defendants' willfulness and bad faith intent to profit are further evidenced by Defendants' knowledge of Plaintiff and Plaintiff's Products at the time of incorporation, and their use of Plaintiff's PSO Marks to advertise and promote their Infringing Products, including via the use of PSO-RITE on Defendants' social media promotions.

122.    Defendants' conduct in willfully seeking to profit by registering and using a domain name that is confusingly similar to Plaintiff's PSO Marks constitutes a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(d).

**SIXTH CLAIM FOR RELIEF**
**(UNFAIR COMPETITION UNDER COLORADO COMMON LAW**
**AS AGAINST ALL DEFENDANTS)**

123.    Plaintiff hereby incorporates by reference paragraphs 1-122 as if fully set forth herein.

124.    By virtue of Plaintiff's longstanding use and extensive promotion of Plaintiff's PSO Marks in connection with Plaintiff's Products, and the expenditure of significant resources in the promotion, advertising, and sale of the Plaintiff's Products associated with Plaintiff's PSO Marks, such marks have achieved widespread public recognition as source identifiers distinctly associated with the Plaintiff.  Plaintiff's PSO Marks have accordingly achieved secondary meaning.

125.    Defendants, without authorization, have used, and continue to use designations incorporating the entirety of Plaintiff's registered PSO and PSO-RITE marks to advertise, promote, offer for sale and sell goods identical and/or closely related to those of the Plaintiff.

126.    Defendants' unfair conduct against the Plaintiff includes, *inter alia*, Defendants' use of the entirety of Plaintiff's registered PSO mark as a trade name, to brand and advertise Defendants' goods, and within a domain name to redirect to a website offering Defendants' goods which are identical and/or closely related to those of the Plaintiff.

127.    Defendants' intentional, unauthorized and knowing use of Plaintiff's PSO Marks in connection with the promotion, advertising, sale, offering for sale and distribution of

Defendants' goods is likely to cause confusion, mistake, or deception among consumers as to the source of Defendants' goods as being affiliated with Plaintiff.

128.    Defendants' unlawful conduct constitutes a violation of the common law of the State of Colorado.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    Entry of a judgment in favor of Plaintiff on all Counts of the Complaint;

B.    Entry of a judgment that Defendants have directly and/or indirectly infringed the '479 Patent and that such infringement has been willful;

C.    Entry of a permanent injunction against Defendants, pursuant to 35 U.S.C. § 283 and/or the equitable powers of this Court, to prevent further direct and/or induced infringement of the '479 Patent;

D.    An award of damages, in an amount to be determined, adequate to compensate Plaintiff for the infringement that has occurred, pursuant to 35 U.S.C. § 284;

E.    An Order requiring Defendants to account for and pay to Plaintiff any and all profits made by Defendants from sales of their infringing products pursuant to 35 U.S.C. § 289;

F.    An Order trebling damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement of Plaintiff's '479 Patent;

G.    An Order requiring Defendants to pay Plaintiff its costs and attorneys' fees in this action pursuant to 35 U.S.C. § 285 and/or other applicable laws;

H.      A finding that Plaintiff is the owner of the entire right, title and interest in and to

the PSO Marks, that these rights are valid and enforceable and that Defendants have violated these

rights;

I.      A finding that Defendants have violated 15 U.S.C. § 1125;

J.      A finding that Defendants have violated 15 U.S.C. § 1114;

K.      A finding that this case is exceptional within the meaning of the Lanham Act, 15

U.S.C. § 1117;

L.      An Order requiring Defendants to pay to Plaintiff its attorneys' fees in this action

pursuant to 15 U.S.C. § 1117.

M.      A finding that Defendants have competed unfairly with Plaintiff;

N.      Entry of a preliminary and permanent injunction enjoining Defendants from

violating any proprietary rights of Plaintiff;

O.      A finding that Defendants willfully infringed Plaintiff's rights;

P.      An Order that all damages sustained by Plaintiff be increased as the result of the

willful nature of Defendants' conduct; and

Q.      Such other and further relief as the Court may deem just and proper.


**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: March 16, 2021                       Respectfully submitted,

                                             *s/ Michael J. Zinna*

                                            KELLEY DRYE & WARREN LLP

                                            Michael J. Zinna
                                            Vincent M. Ferraro
                                            One Jefferson Road
                                            2nd Floor
                                            Parsippany, New Jersey 07054
                                            Tel.: (973) 503-5900
                                            Fax: (973) 503-5950
                                            mzinna@kelleydrye.com
                                            vferraro@kelleydrye.com

                                            *Attorneys for Plaintiff Pso-Rite.com LLC*