IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00775-PAB-STV

PSO-RITE.COM LLC, a Delaware limited liability company,

     Plaintiff,

v.

THRIVAL LLC, a Colorado limited liability company,
CAMERON SMITH, an individual,
DOMINIC RAINVILLE, an individual, and
WILLIAM SMITH, an individual,

     Defendants.

---

**ORDER**

---

This matter is before the Court on Defendants' Motion to Dismiss Under F.R.C.P.

12(b)(6), wherein defendants seek to dismiss plaintiff's design patent infringement claim

and to dismiss all of the claims in the complaint against the individual defendants.

Docket No. 20.  The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**I.  BACKGROUND**

Plaintiff Pso-Rite.com LLC is a seller of muscle recovery tools.  Docket No. 1 at

5, ¶ 16.  Plaintiff obtained ownership of Patent No. D823,479 (the "'479 Patent") on July

17, 2018.  *Id.* at 4-5, ¶¶ 13-14.  The '479 Patent is an "ornamental design for a

1

massager."  Docket No. 1-1 at 2.  The '479 Patent covers a design for a massager, *id.*, some of the figures of which are reproduced below.



*Id.* at 4, 6.

In 2020, defendants Cameron Smith, Dominic Rainville, and William Smith formed defendant Thrival LLC ("Thrival").  Docket No. 1 at 10, ¶ 38.  At its inception, Thrival was named "Pso Much Better LLC"; its name was changed to Thrival in January 2021.  *Id.* at 10,13, ¶¶ 38, 39, 44.  On defendants' website, defendants sold the Pso Much Better Release Board with Pso Much Better Bullseye and Meat Grinder attachments, which plaintiff alleges infringes the '479 patent.  *Id.* at 10-11, ¶ 40.

Plaintiff sent defendants a letter on December 29, 2020 requesting that defendants cease and desist from infringing on plaintiff's trademarks and patents.  *Id.* at 13, ¶ 44.  Defendants changed the name of Pso Much Better LLC to Thrival LLC, but denied that any of their actions constituted patent infringement.  *Id.*, ¶¶ 44-45.  In

response to plaintiff's letter, defendants stated that they would sell their stock of products that were labelled "Pso Much Better." *Id.* at 14, ¶ 48.

Defendants continue to sell the products plaintiff asserts infringe on the '479 Patent, now under the names of the "Bullseye" and the "Meat Grinder," without reference to Pso Much Better. *Id.* at 13, ¶ 46. The complaint provides a comparison of defendants' products with drawings from the '479 Patent, some of which are shown below:



*Id.* at 19, 23. Plaintiff alleges the infringing products are massagers that are similar in size, shape, and color to plaintiff's PSO-RITE product. *Id.* at 26-27, ¶¶ 59-60.

On March 16, 2021, plaintiff filed this action asserting claims against defendants for (i) design patent infringement, (ii) trademark infringement, (iii) unfair competition, (iv) false designation of origin, (v) cybersquatting, and (vi) unfair competition. *Id.* at 32-43, ¶¶ 72-128. On May 14, 2021, defendants filed a motion to dismiss the design patent

3

infringement claim against all defendants as well as all claims against the individual

defendants.  Docket No. 20 at 15.  Plaintiff filed a response opposing defendants'

motion, Docket No. 28, and defendants filed a reply.  Docket No. 30.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a complaint must allege enough factual matter that, taken as true, makes

the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671

F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  The decision to grant a motion to dismiss "is a purely procedural question not

pertaining to patent law" that the Federal Circuit reviews under regional circuit law.

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).  "The

'plausibility' standard requires that relief must plausibly follow from the facts alleged, not

that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F.

Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286

(10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need

only 'give the defendant fair notice of what the claim is and the grounds upon which it

rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550

U.S. at 555) (alterations omitted).  However, a plaintiff still must provide "supporting

factual averments" with her allegations.  *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th

Cir. 2009) ("[C]onclusory allegations without supporting factual averments are

insufficient to state a claim on which relief can be based." (citation omitted)).  Otherwise,

the Court need not accept conclusory allegations.  *Moffet v. Halliburton Energy Servs.,*

*Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).  "[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*,

556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d

at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to

plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).

If a complaint's allegations are "so general that they encompass a wide swath of

conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671

F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are

somewhat forgiving, "a complaint still must contain either direct or inferential allegations

respecting all the material elements necessary to sustain a recovery under some viable

legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III.  ANALYSIS

### A.  Design Patent Infringement

Plaintiff's claim of patent infringement arises under 35 U.S.C. § 271, which

states, "whoever without authority makes, uses, offers to sell, or sells any patented

invention . . . infringes the patent."  35 U.S.C. § 271(a).  Plaintiff must "(i) allege

ownership of the patent; (ii) name each defendant; (iii) cite the patent that is allegedly

infringed; (iv) describe the means by which the defendant allegedly infringes; and (v)

point to the sections of the patent law invoked."  *Hall v. Bed Bath & Beyond, Inc.*, 705

F.3d 1357, 1362 (Fed. Cir. 2013); *see also Nat'l Flooring Equip., Inc. v. OEM Prods.*,

2020 U.S. Dist. Lexis 209658, *13 (W. D. Okla. April 27, 2020).  The test for

infringement of a design patent is the ordinary observer test. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). Under that test, "infringement will not be found unless the accused article embodies the patented design or any colorable imitation thereof." *Id.* (quotations, citation, and alteration omitted). The criterion is "if, in the eye of the ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Hall*, 705 F.3d at 1363 (quoting *Gorham Co. v. White*, 81 U.S. 511, 520 (1871)).

Plaintiff asserts that it is the owner of the '479 Patent. Docket No. 1 at 4-5, ¶ 14; Docket No. 1-1. Plaintiff names each defendant. Docket No. 1 at 2-3, ¶¶ 3-6. Plaintiff claims that defendants infringed on the '479 Patent by creating, marketing, and selling defendant Thrival's Bullseye and Meat Grinder products (the "accused products"). *Id.* at 1-2, ¶ 1. Plaintiff also claims that defendants' infringement is in violation of 35 U.S.C. § 271(a) for direct infringement and 35 U.S.C. § 271(b) for encouraging and promoting the use of their infringing products by others. *Id.* at 33, ¶¶ 77-78.

Defendants argue that, under the ordinary observer test, plaintiff fails to make out a plausible claim of infringement. Docket No. 20 at 8. Design patent infringement claims can be dismissed "where, as a matter of law, the court finds no reasonable fact-

finder could find infringement." *MSA Prods. Inc., v. Nifty Home Prods. Inc.*, 883 F. Supp. 2d 535, 540 (D. N.J. 2012).

Defendants rely on documents outside the pleadings in moving to dismiss plaintiff's claims. See Docket No. 20 at 7-13. Generally, if a court considers matters outside the pleadings in deciding a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Here, defendants include images which are not referenced in plaintiff's complaint that are allegedly from plaintiff's marketing materials without explaining why these images are central to plaintiff's complaint. *See* Docket No. 20 at 7. The Court will decline to review them. Additionally, defendants submit photographs providing a side-by-side comparison of plaintiff's and defendants' products. *See id.* at 8-12. The Court agrees with defendants that a side-by-side comparison is central to plaintiff's claim of infringement; however, the complaint already includes photographs of defendants' products and compares them to the drawings of plaintiff's design. Docket No. 1 at 19, 23. Additional photographs are therefore not necessary for purposes of

comparing the designs.  The Court will decline to review defendants' additional photographs.

Plaintiff argues that defendants' motion is "procedurally flawed" for several reasons.  Docket No. 28 at 6.  First, plaintiff states defendants ask the Court to engage in limited claim construction and to analyze the products in an element-by-element analysis, which is inappropriate on a motion to dismiss.  *Id.*  Defendants respond that the Court should conduct limited claim construction under the ordinary observer test in order to determine the scope of the '479 patent.  Docket No. 30 at 2.  The Court, however, finds that there is no need to construe the claim.  Rather, the ordinary observer test can be applied in this case without doing so.  As noted in *Egyptian Goddess*, 543 F.3d at 678, "[i]n some instances, the claimed design and the accused design will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer."

Defendants also argue that a comparison to prior art bolsters the lack of similarity between defendants' products and plaintiff's products.  Docket No. 20 at 12.  Plaintiff, however, argues that a prior art comparison is not appropriate on a motion to dismiss.  Docket No. 28 at 13.  The ordinary observer is considered to be familiar with prior art designs, *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1129 (Fed. Cir. 2019), and "[w]hen the differences between the claimed and accused designs are viewed in light of the prior art, the attention of the hypothetical ordinary observer may be drawn to those aspects of the claimed design that differ from

8

the prior art." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (citing *Egyptian Goddess*, 543 F.3d at 681).  Here, the Court finds no need to consider defendants' prior art in applying the ordinary observer test given that the differences are readily apparent.

Neither side has discussed who an ordinary observer would be.  However, given the patent's claim description of a "massager," Docket 1-1 at 2, the complaint's description of plaintiff primarily marketing the massager through social media to the general public, Docket No. 1 at 10, ¶ 35, and defendants' sale of allegedly infringing products over the internet, *id*. at 11, ¶ 40, the Court identifies an ordinary observer as a person interested in purchasing a massager for his or her personal use.

"The ordinary observer test applies to the patented design in its entirety, as it is claimed." *Crocs*, 598 F.3d at 1303; *see In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988) ("The claim at bar, as in all design cases, is limited to what is shown in the application drawings.").  Thus, the court compares "the drawings of the patented design to the appearance of the accused products." *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 932 (Fed. Cir. 2014) (unpublished).  Photographs of the accused products are appropriate visual representations of those products.  *Id*.  As noted earlier, the complaint contains side-by-side comparisons of the figures in the '479 Patent and photographs of the accused products.  Although defendants complain that some of the photographs are cropped in ways that they believe do not provide a fair representation of their products, the photographs on balance provide appropriate comparisons.

The next question is whether "in the eyes of an ordinary observer . . . two designs are substantially the same" in a way that "the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Gorham*, 81 U.S. at 528.

Considering the design as a whole, *Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365, 1372 (Fed. Cir. 2006), the Court finds that an ordinary observer would notice that the '479 Patent is a one-piece design with two tapering peaks rising from a base that are nearly vertical compared to the base, the entire design having smooth curved surfaces and no sharp angles.

The visual impression of the accused products is distinctly different, consisting of a three-piece design, with two peaks (each a separate piece) that in one product are nearly vertical (Thrival Bullseye) to the base, but in another product curve toward one another (Thrival Meat Grinder).  *See* Docket No. 1 at 14.  Each peak is situated over a different slot on the base, with shorter perpendicular slots running the length of each main slot.  The base of the accused products is flat, except for the slots, in contrast to the design of the '479 Patent, where the peaks rise from the base with curved lines. The Court finds that an ordinary observer, considering the design of the '479 Patent as a whole, would readily determine that the accused products are not substantially the same, but rather distinctly different from the '479 Patent, especially but not exclusively due to the one-piece design of the '479 Patent.  As a result, an ordinary observer would not be induced to purchase one of the accused products based on their resemblance to the patented design.  Moreover, given that these differences are markedly apparent,

10

*see Anderson*, 570 F. App'x at 933, the Court further finds that the complaint fails to state a plausible claim for infringement of the '479 Patent against defendants.

## B.  Individual Defendants

Each of plaintiff's claims are brought against Thrival as well as three individuals. *See* Docket No. 1 at 32-43.  Defendants argue that the individual defendants should be dismissed concerning all of plaintiff's claims since plaintiff does not allege sufficient facts to support piercing the corporate veil under Colorado law.  Docket No. 20 at 13.  However, although defendants seek dismissal of all claims against the individual defendants, their motion only briefs the dismissal of the infringement claim.  Therefore, the Court will only address defendants' request to dismiss plaintiff's first claim for infringement.  Given that the Court has already dismissed the infringement claim, this portion of defendants' motion is moot.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion to Dismiss Under F.R.C.P. 12(b)(6) [Docket No. 20] is **GRANTED in part and DENIED in part as moot**.  It is further

**ORDERED** that plaintiff's first claim for patent infringement is **DISMISSED with prejudice**.

DATED September 27, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

11