**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:21-cv-00775-PAB-STV

PSO-RITE.COM LLC, a Delaware limited liability company,

        Plaintiff,

v.

THRIVAL LLC, a Colorado limited liability company,
CAMERON SMITH, an individual,
DOMINIC RAINVILLE, an individual, and
WILLIAM SMITH, an individual,

        Defendants.

---

**SCHEDULING ORDER IN A PATENT CASE**

---

**1.    DATE OF CONFERENCE AND APPEARANCES
OF COUNSEL AND *PRO SE* PARTIES**

A Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) and D.C.COLO.LCivR

16.1 was held on December 20, 2022 at 11:00 AM and was attended by:

| KELLEY DRYE & WARREN LLP | HILGERS GRABEN |
|---|---|
| Michael J. Zinna | Trent Tanner |
| Vincent M. Ferraro | Mary Ann Novak |
| One Jefferson Road | 1320 Lincoln Mall, Suite 200 |
| 2nd Floor | Lincoln, NE 68508 |
| Parsippany, New Jersey 07054 | Tel:  (402) 218-2106 |
| Tel.: (973) 503-5900 | ttanner@hilgersgraben.com |
| Fax: (973) 503-5950 | mnovak@hilgersgraben.com |
| mzinna@kelleydrye.com | |
| vferraro@kelledrye.com | *Attorney for Defendant and Counterclaim-* |
| | *Plaintiff Thrival LLC, and* |
| *Attorneys for Plaintiff and Counterclaim-* | *Defendants Cameron Smith, Dominic* |
| *Defendant Pso-Rite.com LLC, and* | *Rainville, and William Smith* |
| *Counterclaim-Defendant Mackenzie* | |
| *Mollohan* | |

## 2.    STATEMENT OF JURISDICTION

a.    **Plaintiff**:  Pso-Rite.com LLC ("Pso-Rite")

**Regarding Pso-Rite's Claims**

Pso-Rite's claims arise under the patent and trademark laws of the United States, under 35 U.S.C. § 1, *et seq.* and the Lanham Act, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), as well as the laws of the State of Colorado prohibiting trademark infringement, unfair competition and deceptive trade practices.  This Court has subject matter jurisdiction over Plaintiff's patent infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121.  This Court has supplemental jurisdiction over Plaintiff's unfair competition claim arising under the laws of the State of Colorado pursuant to 28 U.S.C. § 1367.

This Court has personal jurisdiction over the Defendants and venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

**Regarding Thrival's Counterclaims**

As will be explained in his anticipated motion to dismiss, this Court lacks personal jurisdiction over Counterclaim-Defendant Mackenzie Mollohan.

Moreover, the Court lacks subject matter jurisdiction over Defendants' Fourth and Fifth Counterclaims regarding U.S. Design Patent No. D823,479 (the "D'479 Patent") as Defendants admit that they do not currently make, use, offer to sell, or sell a product that Pso-Rite asserts infringes the D'479 Patent, and thus no actual controversy exists between the Defendants and Pso-Rite regarding the D'479 Patent.   In addition,

Defendants admit that the catalyst for these counterclaims is their acquisition of the Hip Hero business from Exerscribe, Inc. However, there is a settlement agreement between Pso-Rite and Exerscribe, Inc. that impacts what Thrival can do with the Hip Hero, which moots these counterclaims.

b.   **Defendants**:  Thrival LLC, Cameron Smith, Dominic Rainville, and William Smith (collectively, "Defendants" or "Counterclaimants")

 This Court has subject matter jurisdiction over Thrival's Declaratory Judgment counterclaims pursuant to 28 U.S.C. §§ 2201–2202 and subject matter jurisdiction over patent infringement, patent validity, trademark infringement, trademark validity, and trademark cancellation matters pursuant to 28 US.C. §§ 1331 and 1338(a). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Thrival's state-law counterclaims because such claims arise out of the same facts and circumstances as the patent and trademark claims.

This Court has personal jurisdiction over Counterclaim-Defendants Pso-Rite.com LLC and Mackenzie Mollohan because Mr. Mollohan, as the founding member, caused Pso-Rite to sue Thrival and its members in this Court, and because Mr. Mollohan and Pso-Rite have interfered with Thrival's business relations in Colorado and have published false and injurious statements about Thrival and its members knowing that these actions would harm Colorado-based Thrival and its members.

### 3.   STATEMENT OF CLAIMS AND DEFENSES

a.   **Plaintiff**:

**Pso-Rite's Claims Against Defendants**

Pso-Rite.com LLC ("Pso-Rite" or "Plaintiff") asserts that Defendant Thrival LLC ("Thrival") and Thrival's principals, Defendants Cameron Smith, Dominic Rainville and William Smith ("Individual Defendants") (collectively, "Defendants"), have directly and willfully infringed and continue to directly and willfully infringe U.S. Design Patent No. D928,336 ("the D'336 Patent") by making, using, offering for sale, selling and/or importing into the United States, without Pso-Rite's authority, their massager products, including their Bullseye product ("Accused Product").[1]  Pso-Rite seeks monetary damages and a permanent injunction.  Pso-Rite also asserts that Defendants' infringement of the D'336 Patent is willful and that this case is exceptional, which entitles Pso-Rite to treble damages, attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. §§ 284 and 285.

Pso-Rite also asserts claims of trademark infringement, unfair competition and false designation of origin under the Lanham Act, Title 15, United States Code §§ 1114, 1125 and an unfair competition claim under Colorado common law for Defendants' willful and unlawful use of Pso-Rite's federally-registered trademarks, such as: (a) PSO (U.S. Reg. No. 6,273,742); (b) PSO-RITE (U.S. Reg. No. 5,363,487); (c) FEELS PSO GOOD (U.S. Reg. No. 5,364,166); (d) PSO-MINI (U.S. Reg. No. 5,780,865); (e) PSO-KEY (U.S.

---

[1] In its Counterclaims (Dkt. 55), Thrival included counts of invalidity and non-infringement regarding the D'336 Patent.  In response to Thrival's Counterclaims, Pso-Rite intends to formally assert the D'336 Patent against Defendants.  Pso-Rite's response to Thrival's Counterclaims is due on December 19, 2022.

Reg. No. 5,958,816); (f) PSO-SPINE (U.S. Reg. No. 6,115,020); (g) PSO-STICK (U.S. Reg. No. 6,115,029); (h) PSO-DUCKY (U.S. Reg. No. 6,342,794); (i) PSO-RITE (U.S. Reg. No. 6,591,422); (j) PSO-NECK (U.S. Reg. No. 6,310,970); and (k) PSO-BACK (U.S. Reg. No. 6,310,969) (collectively, the "PSO Marks").

For example, Defendants have used and continue to use infringing marks, without consent, authorization, or permission from Plaintiff, comprising or containing the entirety of Plaintiff's registered trademarks PSO and PSO-RITE in United States commerce with the intent to associate with Plaintiff, to trade off Plaintiff's goodwill and reputation, to cause confusion, mistake, or deception as to the source of Defendants' goods and that which is likely to cause confusion, mistake, or deception among consumers as to the origin, source, endorsement, or sponsorship of Defendants' products, such as the Thrival Bullseye and Meat Grinder products ("Accused Products") as being affiliated with Plaintiff. Such infringing acts include Defendants' creation and use of their website, www.psomuchbetter.com, the Accused Products' display of the phrase Pso Much Better on the top and bottom surfaces of the base, Defendants' adoption and use of the name Pso Much Better as the original name of their company and product branding, Defendants' use of the hashtag #psorite on Instagram posts advertising the Accused Products, and Defendants' use of Pso-Rite's trademarks as keywords on Amazon, which Defendants admit they are using.  Although Defendants appear to have temporarily changed the name of their company they have indicated publicly that they may return to using Pso Much Better in the future.  As a result, Defendants are liable for trademark infringement, false designation of origin and unfair competition under the Lanham Act,

and common law unfair competition under Colorado law.  Defendants' misuse of Plaintiffs' PSO Marks, like their patent infringement, was and is willful.

Pso-Rite has also brought a cybersquatting claim under the Lanham Act, Title 15, United States Code § 1125(d) for Defendants' unlawful registration and use of their domain name—www.psomuchbetter.com (the "Infringing Domain")—that is confusingly similar to Plaintiff's PSO Marks and which was registered on or about July 9, 2020 and is still live today.  From in or about July 2020 until in or about January 2021, Defendants utilized the Infringing Domain with the bad faith intent to profit by selling, offering for sale, distributing, and advertising goods identical and/or closely related to those of the Plaintiff, including the Accused Products, bearing the mark Pso Much Better which is confusingly similar to Plaintiff's PSO Marks, via the Infringing Domain.  From in or about January 2021 to the present, Defendants have used and are using the Infringing Domain with the bad faith intent to profit by utilizing the Infringing Domain to redirect to a new website, www.thrivalmusclerecovery.com, on which Defendants are selling, offering for sale, distributing and advertising goods identical and/or closely related to those of the Plaintiff, including the Accused Products.  Moreover, and as stated above with respect to Plaintiff's trademark claims, Defendants have indicated publicly that they may return to using the Pso Much Better name in the future, which may include reusing the Infringing Domain to directly offer for sale, sell, distribute and advertise the Accused Products.  Defendants' aforementioned unlawful conduct was and is willful.

Upon information and belief, the Individual Defendants are the owners and principals of Thrival.  Upon information and belief, as part of their roles at Thrival, the

Individual Defendants directly and personally participate and participated in the acts of patent and trademark infringement, unfair competition and deceptive trade practices alleged and described herein and in the Complaint, with full knowledge that such activities are in violation of Pso-Rite's rights pursuant to several Federal and Colorado statutes. Accordingly, upon information and belief, the Individual Defendants, in their capacity as owners and principals of Thrival, were the moving, active and conscious forces behind Thrival's infringement and other illegal activities, as asserted herein and in the Complaint.

### **Pso-Rite's Response to Defendant Thrival LLC's Counterclaims**

Pso-Rite and Mr. Mollohan vigorously deny each of Thrival's Counterclaims.

Pso-Rite does not infringe any valid and enforceable claim of U.S. Patent No. 9,687,416 (the "'416 Patent"). Indeed, the '416 Patent is invalid for failure to satisfy at least one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including but not limited to §§ 102, 103, and/or 112.

Defendants infringe D'336 Patent, which is valid and enforceable.

To the extent Defendants intend to make, use, offer to sell, or sell a commercial product that embodies U.S. Design Patent No. D905,180 (the "D'180 Patent"), such product would infringe Pso-Rite's D'479 Patent, which is valid and enforceable. However, the Court lacks subject matter jurisdiction over Defendants' counterclaims regarding the D'479 Patent as they admit that they do not currently make, use, offer to sell, or sell a product that embodies D'180 Patent and thus no actual controversy exists between the Defendants and Pso-Rite regarding the D'479 Patent.

Defendants' trademark cancellation, non-infringement, invalidity and fair use counts are without merit and should be denied.

Defendants' Intentional Interference with Prospective Business Relations count is without merit and should be denied.

Finally, Thrival's counterclaims against Mr. Mollohan are completely improper and in bad faith. Plaintiff Pso-Rite.com LLC – a limited liability company – is the entity that has allegedly engaged in the acts which Thrival believes infringed its intellectual property and intentionally interfered with its prospective business relations. There is no legal basis – and Thrival has alleged no factual support – to pierce the corporate veil to assert claims against Mr. Mollohan and intentionally tarnish his personal reputation. Unfortunately, this appears to be a simple tit-for-tat litigation strategy. Mr. Mollohan will seek redress for Thrival's improper actions in the context of this case.

b.     **Defendants**: Thrival LLC, Cameron Smith, Dominic Rainville and William Smith

As Defendants stated in their initial Rule 26(f) Report, *see* Doc. No. 22 at 5-8, they vigorously deny that they have directly and willfully infringed the '479 Patent. And this Court recently affirmed Defendants' position. *See* Doc. No. 50 (order granting Defendants' motion to dismiss Pso-Rite's claim that Defendants' products infringe D'479 Patent). Defendants also deny that any of their products infringe the D'336 Patent, which covers an ornamental design for a single-peaked psoas massager that is virtually identical to the two-peak design claimed in the D'479 Patent. Further, Defendants deny design covered by the D'180 Patent (which belongs to Thrival through assignment from

Exerscribe) infringes any of Pso-Rite's patents, including either the D'479 or the D'336 Patents.

Pso-Rite's claims for trademark infringement, unfair competition, cybersquatting, and false designation of origin under the Lanham Act and Colorado common law are also meritless.  It is utterly false for Plaintiff to assert that "Defendants have used and continue to use" Plaintiff's trademarks "to trade off Plaintiff's goodwill and reputation, to cause confusion, mistake, or deception as to the source of Defendants' goods."  As an initial matter – and out of an abundance of caution – Defendants changed the name of their company from "Pso Much Better LLC" to "Thrival LLC" *immediately* after Pso-Rite first complained about Defendants' name in a letter dated December 29, 2020.  Defendants moved their website from www.psomuchbetter.com to www.thrivalmusclerecovery.com on January 2, 2021, changed the company's name to Thrival LLC on January 5, 2021, and informed Pso-Rite of the name change in a letter dated January 11, 2021.

Moreover, Defendants had reason to believe that their original use of the name "Pso Much Better" was legitimate.  Defendants previously filed a trademark application for the name in the U.S. Patent and Trademark Office, and the trademark examiner published Defendants' "Pso Much Better" mark on November 24, 2020 without challenging it – in spite of Plaintiff's multiple registrations for various "pso"-based marks. And even though Plaintiff was aware of Defendants' use of "Pso Much Better" in late November 2020, Pso-Rite did not object to Defendants' use of the name until December 29, 2020.  Through its delay, Pso-Rite knowingly allowed Thrival to manufacture its initial batch of Release Boards with "Pso Much Better" embedded in the boards.  On January

11, 2021, Defendants' counsel informed Pso-Rite that Thrival would sell through its initial small inventory of boards in packaging marked "Thrival" or "Thrival Muscle Recovery," and that Defendants' future productions of boards would not include the mark "Pso Much Better" – at least pending resolution of the parties' dispute over the name.

Defendants vigorously disagree that Plaintiff owns all possible marks containing the term "pso."  "Pso" refers to a generic body part – the psoas muscles – which are targeted by Thrival's massage products.  Indeed, Plaintiff's most generic trademark registration for "PSO" (U.S. Reg. No. 6,273,742) did not even issue from the Patent and Trademark Office until February 16, 2021.  While Defendants intend to challenge the validity the mark "PSO" in this case, it is important to note that Defendant Thrival changed its name more than a month before Plaintiff received a registration for that mark.

Plaintiff's assertion of all causes of action against the Individual Defendants in this case is totally improper and in bad faith.  Defendant Thrival LLC – a limited liability company – is the entity that has allegedly engaged in the acts which Plaintiff believes infringed its intellectual property.  There is no legal basis – and Plaintiff has alleged no factual support – to pierce the corporate veil to assert claims against the Individual Defendants and intentionally tarnish their personal reputations.  Unfortunately, this appears to be in line with Plaintiff's broader strategy to improperly harass and intimidate Thrival's two innovative 19-year-old entrepreneurs – Cameron Smith and Dominic Rainville – who developed Thrival's products.  Defendants will seek redress for Plaintiff's improper actions in the context of this case.

**Thrival's Statement Regarding Counterclaims**

Besides its declaratory judgment and trademark cancellation counterclaims regarding Pso-Rite's design patents and trademarks (the bases for which are discussed above), Thrival is suing Pso-Rite and Mr. Mollohan for infringement of Thrival's '416 Patent. The '416 Patent covers, among other things, a neuromuscular therapy device comprising a top unit and a base platform, wherein the top unit has two square pyramidal bodies, separated by a central valley, with each pyramidal body having a top peak and smooth, rounded edges. The bottom of the top unit is configured to fit entirely within the recessed base platform. Pso-Rite's eponymous psoas muscle release tool, "the Pso-Rite," similarly consists of a top unit whose bottom portion fits snugly within the perimeter of a base platform, and whose top unit consists of two pyramidal peaks with smoothly radiused edges.

Thrival is also asserting counterclaims against Pso-Rite and Mr. Mollohan for intentionally interfering with Thrival's prospective business relations. Mr. Mollohan and Pso-Rite sent copies of cease-and-desist letters accusing Thrival and its members of willful patent and trademark infringement (among other accusations) to several of Thrival's then-current and potential business partners. Upon information and belief, Pso-Rite and Mr. Mollohan have also waged an aggressive, anti-competitive online campaign to disparage Thrival and its products and to discourage potential customers from purchasing Thrival's products.

c.      **Other Parties**:  None.

## 4.     UNDISPUTED FACTS

**The following facts are undisputed:**

1.      Plaintiff Pso-Rite.com LLC is a Delaware limited liability company having its principal place of business at 1815 Purdy Avenue, Miami Beach, Florida 33139.

2.      Defendant Thrival LLC is a Colorado limited liability company formed and owned by Defendants Cameron Smith, Dominic Rainville and William Smith, having its principal place of business at 2655 Copper Ridge Circle, Unit 5, Steamboat Springs, Colorado 80487.

3.      Defendant Cameron Smith is an individual currently residing in Routt County, Colorado.  Defendant Cameron Smith is one of Thrival's founders, owners and principals and at all relevant times is and has been an owner and principal of Thrival.

4.      Defendant Dominic Rainville is one of Thrival's founders, owners and principals and at all relevant times is and has been an owner and principal of Thrival.

5.      Defendant William Smith is one of Thrival's founders, owners and principals and at all relevant times is and has been an owner and principal of Thrival.

6.      At all relevant times, Messrs. William Smith and Cameron Smith, in their capacity as owners and principals of Thrival, actively participated and participate in business decisions related to Thrival, including actively participating in one or more of the following components of the business:  product research, development and design, manufacturing, branding, marketing and sales.

7.      Plaintiff is the owner of the D'479 Patent.

8.      Plaintiff is the owner of the D'336 Patent.

9.    Plaintiff is the owner of the PSO Marks.

10.    Thrival is the owner of the '416 Patent.

11.    Thrival is the owner of the D'180 Patent.

12.    Plaintiff currently markets and sells, among other products, the PSO-RITE®, PSO-MINI® and PSO-KEY® muscle release tools.

13.    Plaintiff began selling its PSO-RITE® product in February 2017.

14.    Defendants have manufactured, offered for sale, sold, distributed and marketed and continue to manufacture, offer for sale, sell, distribute and market the Bullseye and Meat Grinder products.

15.    Defendants began offering for sale the Bullseye and Meat Grinder products on or about November 25, 2020, via their website www.psomuchbetter.com.

16.    Defendant Thrival LLC was originally incorporated as Pso Much Better LLC on August 18, 2020.

17.    From August 2020 until January 5, 2021, Defendants were known and conducted business as Pso Much Better LLC.  Starting on January 5, 2021, Defendants conducted business as Thrival LLC.

18.    In or about November 2020 until January 2, 2021, Defendants branded and marketed their products, including the Bullseye and Meat Grinder products, under the Pso Much Better name, and offered for sale and sold such products via their website www.psomuchbetter.com.  Defendants rebranded online by January 2, 2021 with the url ThrivalMuscleRecovery.com.

19.     On January 5, 2021, Defendants changed the name of their company from Pso Much Better LLC to Thrival LLC, but continued to sell products, including the Accused Products, physically marked with the name Pso Much Better, via their website www.thrivalmusclerecovery.com.

20.     Defendants created and registered their website, www.psomuchbetter.com, on July 9, 2020 and began accepting pre-orders for the Bullseye and Meat Grinder products through their website starting on or about November 25, 2020.

21.     As of December 13, 2022, Defendants still maintain and use their website, www.psomuchbetter.com, which redirects to their new website, www.thrivalmusclerecovery.com, to market and sell their products, including the Bullseye and Meat Grinder products.

22.     Defendants previously sold full-size "Release Boards" with the phrase "Pso Much Better" on the base of the products.

23.     Defendants previously used the hashtag #psorite on their Instagram posts when advertising their own products.

24.     Defendants have used and, as of December 13, 2022, continue to use one or more of the PSO Marks as keywords on Amazon.

25.     Defendants received a letter dated December 29, 2020 from Plaintiff accusing Defendants of willfully infringing the D'479 Patent and the PSO Marks.

26.     At least as early as November 28, 2020, Defendants knew of Plaintiff, Plaintiff's products (including at least the PSO-RITE® product), Plaintiff's use of at least one of the PSO Marks, and that the PSO-RITE® design was patented.

27.     As of November 28, 2020, Defendants were in possession of at least one unit of Plaintiff's PSO-RITE® product, which was marked with U.S. Design Patent No. D823,479.

## 5.     COMPUTATION OF DAMAGES

**a.     Plaintiff**:

Plaintiff seeks damages in the form of injunctive relief as well as compensatory damages for patent infringement pursuant to 35 U.S.C. §§ 284 and 289, including but not limited to actual damages, a reasonable royalty, lost profits, all profits received or derived by Defendants from the making, using, offering for sale, selling, and/or importing of Accused Products applying the patented design of the D'336 Patent, or using any colorable imitation thereof, enhanced or trebled damages due to Defendants' willfulness, damages for past and future infringement, pre-judgment and post-judgment interest, costs, and such further relief as justice requires.

Plaintiff also seeks compensatory damages and/or disgorgement of Defendants' profits as a result of Defendants' trademark infringement, unfair competition, and false designation of origin.  Any such damages should be enhanced or trebled because, as with their patent infringement, Defendants' Lanham Act violations were and are willful. *See*, *e.g.*, 15 U.S.C. § 1117.

Plaintiff further seeks compensatory and punitive damages under the Colorado common law as a remedy for its state law claim based on Defendants' acts of unfair competition.

In addition to the above damages and costs, Plaintiff seeks a finding that this is an exceptional case and that it is entitled to recover its attorneys' fees pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117.

Plaintiff will require discovery from Defendants, including without limitation, information regarding Defendants' sales in order to calculate damages. Plaintiff anticipates utilizing one or more experts to assist in computing damages and will disclose such expert testimony at the appropriate time in the case.

**b.    Defendants**:

As counterclaimant, Thrival seeks damages in the form of injunctive relief as well as compensatory damages for patent infringement pursuant to 35 U.S.C. §§ 284 and 289, including but not limited to actual damages, a reasonable royalty, lost profits, all profits received or derived by Defendants from the making, using, offering for sale, selling, and/or importing of the Pso-Rite massage tool based on infringement of the '416 Patent, enhanced or trebled damages due to Pso-Rite's and Mr. Mollohan's willfulness, damages for past and future infringement, pre-judgment and post-judgment interest, costs, and such further relief as justice requires.

Thrival also seeks compensatory and punitive damages resulting from Pso-Rite's and Mr. Mollohan's intentional interference with Thrival's prospective business relations.

Defendants will seek a finding that this is an exceptional case and that they are entitled to recover their attorney fees pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117. Defendants will also seek damages for any counterclaims they may bring.

### 6.  REPORT OF PRECONFERENCE DISCOVERY
### AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting:  November 16, 2022.

b.  Names of each participant and party he/she represented

Plaintiff was represented by Vincent M. Ferraro, Esq.

Defendants were represented by Trent Tanner, Esq.

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made

The Parties exchanged Initial Disclosures on May 19, 2021.

d.  Statement concerning any agreements to conduct informal discovery

The parties do not have an agreement to conduct informal discovery and believe

that informal discovery is not necessary for this case.

e.  Statement concerning any other agreements or procedures to reduce discovery
and other litigation costs, including the use of a unified exhibit numbering system

The parties agree to use a unified exhibit numbering system for exhibits marked in

all depositions and at trial.  Counsel for the parties have also agreed to work together to

see if there can be any additional agreements or procedures to reduce discovery and

other litigation costs as the case progresses, such as conducting

telephone/videoconference depositions and using joint repositories for documents.

f.  Statement as to whether the parties anticipate that their claims or defenses will
involve extensive electronically stored information, or that a substantial amount of
disclosure or discovery will involve information or records maintained in
electronic form

**Pso-Rite's Position:**

Pso-Rite does not anticipate that there will be extensive discoverable electronically

stored information in connection with this case.

17

**Thrival's Position:**

Thrival believes that there will likely be a moderately significant amount of discoverable ESI in this case.

Duty To Preserve: All parties have been informed of their duty to maintain relevant electronically stored information and have been instructed not to delete any such information.  The parties will undertake a good faith effort to identify all potentially relevant electronically stored information and will take reasonable measures to preserve and/or retain any such identified electronically stored information.

Document Production: The parties shall produce documents in TIFF image format (unless TIFF image format is unavailable or if documents are obtained from other sources in .pdf format, in which case documents may be produced in .pdf or native format) and such documents shall be bates labeled.  The parties shall also produce corresponding native files upon reasonable request.  Production images shall be accompanied by a load file cross-referencing the corresponding page bates number endorsement.   The production shall include searchable text files (.txt) for all of the textual production documents.  For documents maintained by the producing party in image or hard copy (paper) form, the producing party shall create searchable text files using Optical Character Recognition ("OCR") technology.  For documents maintained by the party in electronic form, the producing party may opt to either use the extracted text of the "native" file or create searchable text files using OCR technology.  Electronic files that are reasonably requested in native format or that cannot be readily converted to an image format shall be produced with a TIFF image placeholder and in their native file format.

Examples of files that cannot readily be converted to image format include: spreadsheets (Excel), databases, audio files and video files.  Native files shall be accompanied by a load file cross-referencing the endorsed bates number on the corresponding TIFF image placeholder page (e.g., ABC000001.xls).  Native files containing confidential information shall have the appropriate confidential designation on the TIFF image as well as the placeholder page and as part of the load file cross reference.  The parties will exchange this documentation in the normal course of disclosure and discovery and do not anticipate unusual costs, delay, or disputes associated with this process.

Privilege: To the extent any electronically stored information is subject to privilege, it will be disclosed in a privilege log.  Privileged documents created after the commencement of this action need not be included on the privilege log.  The parties agree to negotiate, in good faith, regarding additional ways of reducing the burden of disclosing a privilege log, including discussing whether to log document categories as opposed to individual documents.  The parties agree that inadvertent production of privileged information will not waive that privilege.

Production of Electronic Communications:  **Court's desired procedure set forth on the record at the scheduling conference**

**Pso-Rite's Position:**

To obtain electronic mail or other forms of electronic correspondence (collectively, "email"), a party[2] must propound a request for production to which an email is responsive, and then work with the producing party to identify a reasonable number of custodians and search terms ("Search Term Process").  If the parties cannot reach an agreement over

---

[2] Defendants should be collectively considered a "party" for purposes of this Section.

the Search Term Process, the requesting party may seek relief from the Court by following the procedures set forth in Section IV of the Civil Practice Standards of Magistrate Judge Scott T. Varholak. During the pendency of any such requested relief, the producing party's production obligation will be stayed.

Based on the May 26, 2021 Scheduling Conference, Pso-Rite believes this is how the Court envisioned email discovery would be handled in this case. *See*, *e.g.*, May 26, 2021 Scheduling Conference Transcript, Dkt. 29, at 4:5-10, 5:12-23, and 6:2-17.

**Thrival's Position:**

General requests for production under Federal Rule of Civil Procedure 34 will include email and other forms of electronic communication. If the producing party believes that specific requests which encompass electronic communications would create an undue production burden, the parties shall meet and confer in person or on the telephone in a good faith attempt to resolve the issue, including, as necessary, to identify appropriate search terms and custodians. If the parties are unable to resolve their differences, they will follow the remaining procedures set forth in Section IV of the Civil Practice Standards of Magistrate Judge Scott T. Varholak for resolving discovery disputes.

g.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case

The parties have had preliminary discussions regarding settlement. While those discussions are still ongoing, the parties have not been able to come to an agreeable resolution at this time. The parties agree to continue their settlement discussions in the hopes of reaching an early resolution of this case.

Pso-Rite notes that it is interested in settling the parties' dispute and is willing to dismiss the case if Defendants simply stop using any and all of the PSO Marks as keywords on Amazon.

In response to Pso-Rite's note above, Thrival states that it, too, is interested in settling the parties' disputes, but not on the terms proposed by Pso-Rite. Thrival has incurred substantial legal expenses to defend itself against what this Court has already determined were baseless allegations of design patent infringement and against trademark allegations relating to Thrival's original name – Pso Much Better – which Thrival quickly and voluntarily stopped using as soon as Pso-Rite sent its initial cease-and-desist letter. Further, as alleged in Thrival's counterclaims, Pso-Rite's main product infringes Thrival's '416 Patent and Pso-Rite and Mr. Mollohan have engaged in various forms of aggressive and illegal conduct in an effort to harm Thrival's ability to compete fairly in the marketplace.  Even Pso-Rite's demand that Thrival "simply stop using any and all of the PSO Marks as keywords on Amazon" is evidence of its anti-competitive intentions: Pso-Rite has been unable to point to a single legal authority to establish that the practice of using a competitor's trademarks as advertising keywords on Amazon and Google (and elsewhere) is illegal or improper in any way. *See Gen. Steel Domestic Sales v. Chumley*, Civil Action No. 10-cv-01398-PAB-KLM, 2013 U.S. Dist. LEXIS 64932, at *32 (D. Colo. May 7, 2013) (Brimmer, J.) (rejecting plaintiff's trademark infringement claim premised on defendant's purchase and use of plaintiff's name, "general steel," as a keyword "so that searches incorporating that term would trigger the display of [defendant's] advertisements in the 'sponsored links' section of the search results").

### 7.    CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8.    CASE PLAN AND SCHEDULE

a.    <u>Deadline to join parties</u>: April 21, 2023.

**Infringement Contentions**

b.    <u>Deadline to serve Infringement Contentions, Claim Chart(s), and produce accompanying documents</u>: January 27, 2023.

c.    <u>Deadline to serve Response to Infringement Contentions and produce accompanying documents</u>: March 10, 2023.

**Invalidity Contentions**

d.    <u>Deadline to serve Invalidity Contentions and Claim Chart(s) and produce accompanying items of prior art</u>: March 10, 2023.

e.    <u>Deadline to serve Response to Invalidity Contentions and Claim Chart(s) and produce accompanying documents</u>: April 21, 2023.

**Opinion of Counsel**

f.    <u>Deadline to make opinion(s) of counsel available for inspection and copying</u>: June 23, 2023.

**Claim Construction**

g.    <u>Deadline for parties to exchange list of claim terms to be construed and proposed construction, specifically identifying up to ten (10) of the most critical terms to be construed</u>:  May 9, 2023.

h.    <u>Deadline to file Joint Disputed Claim Terms Chart</u>:  June 6, 2023.

i.    <u>Proposed month for technology tutorial with District Judge and Magistrate Judge (optional)</u>:  A technology tutorial is not believed to be necessary for this case.

j.    <u>Deadline to file opening Claim Construction brief and all supporting evidence</u>: July 7, 2023.

k.   <u>Deadline to file Response to opening Claim Construction brief and all supporting evidence</u>:  July 28, 2023

l.   <u>Deadline to file reply brief in support of opening Claim Construction brief and all supporting evidence</u>:  August 4, 2023

m.   <u>Proposed month for claim construction hearing and estimated time necessary for the hearing</u>:  August 2023; estimated time for the hearing is 2 hours.


**Final Patent Disclosures**

n.   <u>Deadline to file Final Infringement Contentions</u>:  28 days after the Court's Claim Construction Order.

o.   <u>Deadline to file Final Invalidity Contentions</u>:  21 days after receiving Final Infringement Contentions.


**Fact Discovery, Expert Disclosures, and Dispositive Motions Deadlines**

g.   <u>Fact discovery deadline</u>: September 29, 2023.

h.   <u>Expert Witness Disclosure</u>

1.   <u>The parties shall identify anticipated fields of expert testimony, if any</u>

**Plaintiff**:  Plaintiff anticipates retaining experts in the following fields:  patent infringement/non-infringement,   patent   validity/invalidity,   trademark   infringement, damages, and any other field identified by Defendants.

**Defendants**:  Defendants anticipate retaining experts in the following fields:  patent infringement/non-infringement,   patent   validity/invalidity,   trademark   non-infringement/invalidity, damages, and any other field identified by Plaintiff.

2.   <u>Limitations which the parties propose on the use or number of expert witnesses</u>

Each party shall have no more than four retained affirmative experts.

3.  The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: October 27, 2023.

4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: December 1, 2023.

i.  Expert Discovery Deadline: January 12, 2024.

j.  Dispositive motions deadline: February 9, 2024.

## 9.   DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules

The parties propose that the presumptive limits be used and, accordingly, agree to 10 depositions per side, excluding Fed. R. Civ. P. 26(a)(2)(B) regarding retained experts, and 25 interrogatories.  The parties further agree that Defendants be collectively considered a "party" for purposes of these presumptive limits.

b.  Limitations which any party proposes on the length of depositions

The parties agree that depositions are limited to seven (7) hours of testimony on the record, in consecutive days until completed, subject to the conditions of Fed. R. Civ. P. 30(d)(1).

c.  Limitations which any party proposes on the number of requests for production and/or requests for admission

The parties will each be limited to 25 requests for production and 25 requests for admission.  This limit does not include requests for admission relating to the authenticity of documents.  For purposes of these limits, the parties further agree that Defendants be

collectively considered a "party" and that Counterclaim-Defendants Pso-Rite and Mr. Mollohan be collectively considered a "party."

d.   <u>Other Planning or Discovery Orders</u>

    1.   <u>Deadline for filing proposed protective order(s)</u>: A protective order was already entered in this case.  *See* Dkt. 25.

    2.   <u>Other issues</u>: None.

## 10.   DATES FOR FURTHER CONFERENCES

a.   <u>Status conferences will be held in this case at the following dates and times</u>:

_____.

b.   A final pretrial conference will be held in this case on April 13, 2024, at 9:00 <u>a.m.</u>   A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11.   OTHER SCHEDULING MATTERS

a.   <u>Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement</u>

None.

b.   <u>Anticipated length of trial and whether trial is to the court or jury</u>

The parties anticipate a five to seven (5-7) day jury trial.

c.   <u>Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado</u>

None.

### 12.    NOTICE TO COUNSEL AND *PRO SE* PARTIES

Motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1, by containing proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record. and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case. In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.    AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good

cause.

DATED this _____ 20th _____ day of ___December___, 20 22 ___.

BY THE COURT:

_____

Honorable Scott T. Varholak
United States Magistrate Judge

APPROVED:

_s/ Michael J. Zinna_                              _s/ Trent Tanner_

KELLEY DRYE & WARREN LLP          HILGERS GRABEN

Michael J. Zinna                                  Trent Tanner
Vincent M. Ferraro                                Mary Ann Novak
One Jefferson Road                                1320 Lincoln Mall, Suite 200
2nd Floor                                         Lincoln, NE 68508
Parsippany, New Jersey 07054                      Tel:  (402) 218-2106
Tel.: (973) 503-5900                              ttanner@hilgersgraben.com
Fax: (973) 503-5950                               mnovak@hilgersgraben.com
mzinna@kelleydrye.com
vferraro@kelledrye.com

*Attorneys for Plaintiff and Counterclaim-*        *Attorney for Defendant and*
*Defendant Pso-Rite.com LLC, and*                  *Counterclaim-Plaintiff Thrival LLC, and*
*Counterclaim-Defendant Mackenzie*                 *Defendants Cameron Smith, Dominic*
*Mollohan*                                         *Rainville, and William Smith*