# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No.: 1:21-cv-00775-PAB-STV

PSO-RITE.COM LLC, a Delaware limited liability company,

    Plaintiff,

v.

THRIVAL LLC, a Colorado limited liability company, CAMERON SMITH, an individual, DOMINIC RAINVILLE, an individual, and WILLIAM SMITH, an individual,

    Defendants,

v.

PSO-RITE.COM LLC, a Delaware limited liability company, and MACKENZIE MOLLOHAN, an individual,

    Counter-Defendants.

_____

## MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF/COUNTER-DEFENDANT PSO-RITE.COM LLC AND COUNTER-DEFENDANT MACKENZIE MOLLOHAN

_____

Pursuant to the Local Attorney Rules for the District Court of Colorado, Akerman LLP ("Akerman") respectfully requests that the Court grant this Motion to Withdraw as Attorney of Record for Plaintiff/Counter-Defendant, Pso-Rite.com LLC and Counter-Defendant Mackenzie Mollohan. *See* D.C.COLO.LAttyR 5(b). Rule 5(b) specifies that an attorney "may seek to withdraw on motion showing good

81522859;1

cause." *Id*. Furthermore, the reasons for withdrawal must be stated, unless doing so would violate the rules of professional conduct. *Id*.

The Colorado Rules of Professional Conduct ("RPC") provide further detail concerning when withdrawal as counsel is permitted. Specifically, RPC 1.16(b) provides when a lawyer may withdraw from representing a client. The following enumerated grounds for withdrawal are relevant here: 1) "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled"; 2) "the representation will result in an unreasonable financial burden on the lawyer"; and 3) "other good cause for withdrawal exists." *See* RPC 1.16(b)(5)-(7).

However, RPC 1.6 also sets forth the confidentiality obligations owed to a client by its counsel. *See* RPC 1.6. Due to such obligations, Akerman will not elaborate in full on these bases for withdrawal here but will do so if the Court requests such disclosure under a protective order or an in-camera review. *See Taylor v. Armor Corr. Health Servs., Inc.*, No. 20-cv-01406-WJM-NYW, 2021 U.S. Dist. LEXIS 213715, at *4 (D. Colo. June 23, 2021), reconsideration denied, 2021 U.S. Dist. LEXIS 213767 (D. Colo. July 27, 2021); *Trustees of Colorado Finishing Trades Health & Welfare Fund v. Alpine Design Interiors, Inc.*, No. 08-cv-02402-RPM-MJW, 2009 U.S. Dist. LEXIS 138641 (D. Colo. Nov. 19, 2009).

81522859;1

As explained below, Akerman seeks withdrawal as counsel pursuant to RPC 1.16(b)(5), (6), and (7). No trial date has been set. Accordingly, for good cause shown, this Motion should be granted and Akerman should be permitted to withdraw as counsel for Pso-Rite and Mr. Mollohan. *See also* ECF No. 72 (Granting motion to withdraw of Pso-Rite's former counsel).

## GROUNDS FOR WITHDRAWAL

**1) RPC 1.16(b)(5). Plaintiff fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.**

Comment 8 of RPC 1.16 states that a "lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs." In *Strobel*, the court balanced the countervailing interests of working without pay and fairness to litigants. *Strobel v. Rusch*, No. 18-cv-00656-RB-JFR, 2020 U.S. Dist. LEXIS 2336764 at *4-6 (D.N.M. Dec. 11, 2020) (granting motion to withdraw for client's non-payment of attorney's fees); *see also* ECF No. 64, Exhibit A (*Energy Alchemy Sols., LLC v. Sweetlife Co.*, No. 21-cv-00679, Minute ORDER, Dkt. No. 66 (D. Colo. Aug. 24, 2022) (granting motion to withdraw for, among other reasons, client's non-payment of attorney's fees)); *Kendall State Bank v. Archway Ins. Servs., LLC*, No. 10-cv-02617-KHV, 2013 91051, 2013 U.S. Dist. LEXIS 910511, at *11-12 (D. Kan. Jun. 28, 2013). The

81522859;1

court in *Strobel* found that the client had failed to pay more than $100,000 in attorneys' fees, that additional funds would be necessary to continue litigation, and that there was little indication that the client would be able to pay future expenses. *Strobel*, 2020 U.S. Dist. LEXIS 2336764 at *4-6. Accordingly, the court granted the motion to withdraw. *Id*.

In this case, Pso-Rite has failed to fulfill its obligations to Akerman regarding its services, and Pso-Rite has been given reasonable warning that Akerman will withdraw from this case unless it makes substantial headway in fulfilling those obligations by April of 2025, which has not happened. Akerman believes it cannot provide further context on its basis for withdrawal due to obligations it owes to Pso-Rite and Mr. Mollohan per RPC 1.6, absent a request from the Court to do so under a protective order or in-camera review. *See Taylor*, 2021 U.S. Dist. LEXIS 213715, at *4, reconsideration denied, 2021 U.S. Dist. LEXIS 213767; *Trustees of Colorado Finishing Trades Health & Welfare Fund v. Alpine Design Interiors, Inc.*, 2009 U.S. Dist. LEXIS 138641; *see also* RPC 1.16, Comment 3; RPC 1.6.

In light of the above, good cause exists for the Court to grant this Motion on this basis alone. *See*, *e.g.*, *Strobel*, 2020 U.S. Dist. LEXIS 2336764 at *4-6; *see also* ECF No. 64, Exhibit A (*Energy Alchemy Sols., LLC*, No. 21-cv-00679, Minute ORDER, Dkt. No. 66).

**2) RPC 1.16(b)(6). Continued representation will result in an unreasonable financial burden on the lawyer.**

The Court in *Strobel* also granted the motion to withdraw because "[i]t simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where [counsel] already is owed a substantial sum and the client has violated the written fee agreement." *Strobel*, 2020 U.S. Dist. LEXIS 2336764 at *4-6.

Continued representation in this case has and will result in an unreasonable financial burden on Akerman and specifically each of the attorneys who have made an appearance in this case. Akerman believes it cannot provide further context on this basis for withdrawal due to obligations it owes to Pso-Rite and Mr. Mollohan per RPC 1.6, absent a request from the Court to do so under a protective order or in-camera review. *See Taylor*, 2021 U.S. Dist. LEXIS 213715, at *4, reconsideration denied, 2021 U.S. Dist. LEXIS 213767; *Trustees of Colorado Finishing Trades Health & Welfare Fund v. Alpine Design Interiors, Inc.*, 2009 U.S. Dist. LEXIS 138641; *see also* RPC 1.16, Comment 3; RPC 1.6.

**3) RPC 1.16(b)(7). Other good cause for withdrawal exists.**

Other good cause for withdrawal exists in this matter due to a fundamental and irreparable breakdown in the attorney-client relationship between counsel and

81522859;1

Pso-Rite making effective advocacy unreasonably difficult. Akerman believes it cannot provide further context on this basis for withdrawal due to obligations it owes to Pso-Rite and Mr. Mollohan per RPC 1.6, absent a request from the Court to do so under a protective order or in-camera review. *See Taylor*, 2021 U.S. Dist. LEXIS 213715, at *4, reconsideration denied, 2021 U.S. Dist. LEXIS 213767; *Trustees of Colorado Finishing Trades Health & Welfare Fund v. Alpine Design Interiors, Inc.*, 2009 U.S. Dist. LEXIS 138641; *see also* RPC 1.16, Comment 3; RPC 1.6. In *Taylor*, the court recognized that good cause for withdrawal exists where continued representation is rendered unreasonably difficult by the client, consistent with Colorado Rule of Professional Conduct 1.16(b)(6) and permitted counsel to elaborate on the breakdown of the relationship under seal or in camera to protect client confidentiality. *See Taylor*, 2021 U.S. Dist. LEXIS 213715, at *4, reconsideration denied, 2021 U.S. Dist. LEXIS 213767 (D. Colo. July 27, 2021)

Accordingly, Akerman submits good cause exists for the Court to grant this Motion. *See*, *e.g.*, *Strobel*, 2020 U.S. Dist. LEXIS 2336764 at *4-6; *see also* ECF No. 64, Exhibit A (*Energy Alchemy Sols.*, LLC, No. 21-cv-00679, Minute ORDER, Dkt. No. 66).

## NOTICE REQUIREMENTS PURSUANT TO D.C.COLO.LAttyR 5(b)

Pursuant to D.C.COLO.LAttyR 5(b), undersigned counsel hereby certifies that on May 27, 2025, this Motion was served on all counsel of record by email and

81522859;1

via the Court's CM/ECF System.

Pursuant to D.C.COLO.LAttyR 5(b), undersigned counsel also hereby certifies that on May 27, 2025, this Motion was served on the clients of the withdrawing attorney, Plaintiff/Counter-Defendant, Pso-Rite.com LLC and Counter-Defendant Mackenzie Mollohan. Undersigned counsel also hereby certifies that the service of the Motion and notice of withdrawal to Plaintiff included the warning that the client is personally responsible for complying with all Court Orders and time limitations established by applicable statutes, rules, and the Court's Amended Scheduling Order (Dkt. 134) entered in this case on March 19, 2025. Because Pso-Rite is a limited liability company, the notice of withdrawal also included the warning that Pso-Rite may not appear without counsel admitted to the bar of this Court, and that absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against Pso-Rite.

Lastly, this Motion is exempt from the duty to confer requirement because it was brought under D.C.COLO.LAttyR 5(b). *See* D.C.COLO.LCivR 7.1(b)(4).

## **CONCLUSION**

For the foregoing reasons, Akerman respectfully requests that this Honorable Court grant its Motion to Withdraw as Attorney of Record for Plaintiff/Counter-Defendant, Pso-Rite.com LLC and Counter-Defendant Mackenzie Mollohan.

81522859;1

| | |
|---|---|
| Dated: May 27, 2025 | Respectfully submitted, |
| | AKERMAN LLP |
| | |
| | s/Trevor Q. Coddington |
| | |
| | Trevor Q. Coddington |
| | C. Bentley Harris |
| | AKERMAN LLP |
| | 500 W. 5th Street, Suite 1210 |
| | Austin, Texas 78701 |
| | Tel: 737-999-7100 |
| | Fax: 512-623-6701 |
| | trevor.coddington@akerman.com |
| | bentley.harris@akerman.com |
| | |
| | **Attorneys for PSO-RITE.COM LLC and MACKENZIE MOLLOHAN** |

81522859;1